IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRISBURG DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH of PENNSYLVANIA, et al.,<br><br>    Defendants. | Civ. Action No. 1:20-cv-00708-CCC |

### **DECLARATION OF ROBERT D. POPPER**

Robert D. Popper, for his declaration, pursuant to 28 U.S.C. § 1746, deposes and says:

1.  I am an attorney representing Plaintiff Judicial Watch, Inc. in the above-captioned matter. I make this declaration in support of Judicial Watch's opposition to the pending motion to intervene, based on my firsthand knowledge of the facts contained herein.

2.  Attached hereto as Exhibit 1 is a true and correct copy of the complaint in *Judicial Watch v. North Carolina*, No. 3:20-cv-211 (W.D.N.C. Apr. 9, 2020). Except for the name of the defendants, the Prayer for Relief in that complaint is identical to the Prayer for Relief in the complaint in this action.

3. Attached as Exhibit 2 is a true and correct copy of the complaint in *Va. Voter's All., Inc. v. Leider*, No. 1:16-cv-394, ECF No. 1 (E.D. Va. April 17, 2016).

4. In *Judicial Watch v. Logan*, 2:17-cv-8948 (C.D. Cal. 2017), Judicial Watch, another non-profit, and four individuals sued Dean Logan, the Los Angeles County Registrar-Recorder/County Clerk, and Alex Padilla, California's Secretary of State. The claims in that case were similar to those made here. The complaint alleged that there were too few removals under Section 8(d) of the NVRA. It also alleged that registration rates were too high. The prayer for relief sought compliance with the NVRA.

5. Two groups of intervenors, including the local chapters of Common Cause and the League of Women Voters, sought to intervene. The arguments the intervenors made were similar to those asserted here. In particular, the proposed intervenors argued that their work registering voters established a protectable interest warranting a grant of intervention. They likewise described their primary concern as that eligible voters would be removed from the rolls if we prevailed. They even used similar descriptive words and phrases in describing what they maintained was our preferred relief, including that we sought "aggressive," "unlawful," "disenfranchising" "purges." In fact, we did not seek those things.

6. Attached as Exhibit 3 is a true and correct copy of Judge Real's Order Denying Mi Familia Vota Education Fund, Rock The Vote, League of Women

Voters of Los Angeles, and California Common Cause's Motions to Intervene, *Judicial Watch v. Logan*, 2:17-cv-8948 (C.D. Cal. July 12, 2018) (Doc. No. 76), *vacated sub nom. Judicial Watch, Inc. v. Padilla*, Nos. 18-56102 & 18-56105, 2019 U.S. App. LEXIS 8347 (9th Cir. Mar. 20. 2019).

7. Attached as Exhibit 4 is a true and correct copy of the settlement agreement in *Judicial Watch v. Logan*, 2:17-cv-8948 (C.D. Cal. 2017), executed on or about January 3, 2019.

8. Attached hereto as Exhibit 5 is a true and correct copy of the Consent Judgment in *Judicial Watch v. Grimes*, 3:17-cv-94 (E.D. Ky. 2017), which was ordered on July 3, 2018.

9. One of the counsel for the proposed intervenors is the Lawyers Committee for Civil Rights Under Law. The press release announcing their motion to intervene is available at https://lawyerscommittee.org/voting-rights-advocates-intervene-to-stop-illegitimate-purge-of-eligible-pennsylvania-voters/.

10. That press release includes the following quote:

> "The data proposed by this challenge is unverified and deliberately targets senior voters and Black voters," said Terrie Griffin, co-president of the League of Women Voters of Pennsylvania. "This is just another attempt by an outside group to parachute in to disenfranchise Pennsylvania voters. . . ."

Every part of this quote is a scandalous falsehood except, on information and belief, for the name and affiliation of the speaker.

11. No part of Judicial Watch's lawsuit or data deliberately targeted either seniors or Black voters. The only concern (not "targets") are voters who no longer live at the address listed in the Commonwealth's voter rolls, and voters who have died.

12. Judicial Watch's data in this case consists in large part of direct admissions by Defendants, either to the Election Assistance Commission or on Defendants' own websites. Data concerning registration rates was confirmed by experts hired by Judicial Watch.

13. Judicial Watch's lawsuit is not intended in any way to disenfranchise Pennsylvania voters. It is intended to remove the registrations of voters who are ineligible because they have moved or died, often many years ago. These removals are intended to take place pursuant to the procedures and safeguards contained in a federal statute that has been on the books since 1993.

14. That press release also includes the following quote:

> Judicial Watch, an organization known for disenfranchising voters, filed a lawsuit against Bucks, Chester and Delaware County officials and Secretary of the Commonwealth Kathy Boockvar.

15. Judicial Watch has never disenfranchised any voters in any case.

16. The press release claims that "this unnecessary lawsuit will only serve to add further strain on counties' and election officials' resources during the current COVID-19 pandemic." This is false. The first answer from any defendant is due

July 10, 2020, and the NVRA's 90-day freeze period commences on August 3, 2020. Judicial Watch does not anticipate conducting motion practice, discovery and trial in the three-week interim between those two dates.

17. In addition to outright falsehoods like the foregoing, the press release is filled with misleading statements, as well as simple insults, like referring to Judicial Watch as "anti-democratic." It is not anti-democratic to remove from the rolls the registrations of voters who no longer live at their listed address in Pennsylvania, or who are no longer alive.

18. The foregoing is no doubt a foretaste of the kind of litigation practice the parties and the Court will witness if the proposed intervenors are allowed to intervene.

I declare under penalty of perjury that the foregoing is true and accurate.

May 26, 2020                                        /s Robert D. Popper
                                                    Robert D. Popper

## TABLE OF CONTENTS FOR EXHIBITS

EXHIBIT 1     Complaint, *Judicial Watch v. North Carolina*, No. 3:20-cv-211 (W.D.N.C. Apr. 9, 2020) (ECF No. 1).

EXHIBIT 2     Complaint, *Va. Voter's All., Inc. v. Leider*, No. 1:16-cv-394 (E.D. Va. Apr. 17, 2016) (ECF No. 1).

EXHIBIT 3     Order Denying Mi Familia Vota Education Fund, Rock The Vote, League of Women Voters of Los Angeles, and California Common Cause's Motions to Intervene, *Judicial Watch v. Logan*, 2:17-cv-8948 (C.D. Cal. July 12, 2018) (ECF No. 76), *vacated sub nom. Judicial Watch, Inc. v. Padilla*, Nos. 18-56102 & 18-56105, 2019 U.S. App. LEXIS 8347 (9th Cir. Mar. 20, 2019).

EXHIBIT 4     Settlement Agreement, *Judicial Watch v. Logan*, 2:17-cv-8948 (C.D. Cal. Jan. 3, 2019) (ECF No. 96-1).

EXHIBIT 5     Consent Judgment, *Judicial Watch v. Grimes*, 3:17-cv-94 (E.D. Ky. Jul. 3, 2018) (ECF No. 39).

# CERTIFICATE OF SERVICE

I certify that the foregoing declaration with all exhibits, submitted in opposition to Common Cause Pennsylvania and League of Women Voters of Pennsylvania's motion to intervene as defendants, was filed electronically and served on counsel of record via the ECF system of the U.S. District Court for the Middle District of Pennsylvania, and by email on the following counsel for defendants:

Joseph J. Kahn
Bucks County Solicitor
55 East Court Street, 5th floor
Doylestown, PA  18901
Tel: 215-348-6464
jjkhan@buckscounty.org

William F. Martin
Delaware County Solicitor
201 W. Front St.
Media,PA 19063
Tel: 610-891-4074
martinw@co.delaware.pa.us

Thomas L. Whiteman
Chester County Solicitor
313 W Market Street,
Suite 6702
West Chester, PA 19380-0991
Tel: 610-344-6195
twhiteman@chesco.org

Stephen Moniak, Esq.
Nicole J. Boland, Esq.
Pennsylvania Office of
        Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA  17120
717-783-3146 (d)
717-772-4526 (f)
smoniak@attorneygeneral.gov
nboland@attorneygeneral.gov
*Attorneys for the Commonwealth of Pennsylvania and Secretary Boockvar*

May 26, 2020

*/s Robert D. Popper*
Robert D. Popper