Exhibit 2

Complaint,
Va. Voter's All., Inc., et al. v. Leider
Case No. 1:16-cv-394 (E.D. Va. 2016)

FILED

United States District Court
Eastern District of Virginia
Alexandria Division

2016 APR -7 A 10: 03

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **VIRGINIA VOTER'S ALLIANCE, Inc., and DAVID NORCROSS**<br><br>*Plaintiffs,*<br><br>v.<br><br>**ANNA J. LEIDER, in her official capacity as General Registrar for the City of Alexandria**<br><br>*Defendant.* | Civ. No. 16-_394_<br><br>LMB/MSN<br><br>**COMPLAINT** |

# Complaint

Plaintiffs, by their attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507.

1. Plaintiffs seek declaratory and injunctive relief to compel Defendant's compliance with Section 8 of the NVRA. Specifically, Defendant has violated Section 8 by failing to conduct reasonable voter list maintenance for elections for federal office and by failing to produce records and data related to those efforts, as required by Section 8. Plaintiffs seek injunctive relief commanding Defendant to permit inspections of election records pursuant to 52 U.S.C. § 20507(i). Plaintiffs also seek a declaratory judgment and injunctive relief requiring Defendant to conduct and execute reasonable voter list maintenance programs to ensure that only eligible voters are registered to vote in the City of Alexandria.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), as the action seeks injunctive and declaratory relief under the NVRA.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plaintiff Virginia Voter's Alliance ("VVA") is a non-stock Virginia corporation with a mission that includes improving election laws and their attendant processes and procedures in order to promote election integrity in the Commonwealth of Virginia. VVA has dedicated significant time and resources to ensure that voter rolls in the Commonwealth of Virginia, and in the City of Alexandria, are free from ineligible registrants, non-citizens, individuals who are no longer residents and individuals who are registered in more than one location. Plaintiff VVA brings this action in its individual and corporate capacities and also on behalf of its members and supporters who are registered to vote in the Commonwealth of Virginia.

5. Plaintiff David Norcross is a registered voter in the City of Alexandria and a member of VVA. Mr. Norcross shares VVA's interest in the accuracy and currency of official lists of eligible voters in the Commonwealth of Virginia, as the accuracy and currency of these lists directly affects his right to vote.

6. The Defendant, Anna J. Leider, is the General Registrar for the City of Alexandria, a position created by Article II, Section 8 of the Constitution of Virginia.

2

7. Virginia law requires Registrar Leider to "[m]aintain accurate and current registration records and comply with the requirements . . . for the transfer, inactivation, and cancellation of voter registrations." Va. Code Ann. § 24.2-114(12). Other Virginia statutes obligate the Defendant to maintain accurate voter rolls including, but not limited to, Va. Code Ann. § 24.2-428 (B) through (E) (registrar makes mailings to registrants and shall "correct registration records"), Va. Code Ann. § 24.2-427(B) (cancellation of deceased or ineligible registrants "known" to registrar), Va. Code Ann. § 24.2-427(B1) through (C) (registrar conducts efforts to identify ineligible registrants) and Va. Code Ann. § 24.2-428.1 (other obligations of registrar to conduct list maintenance).

## FACTUAL BACKGROUND

8. Defendant has a federal obligation to maintain accurate and current voter rolls which contain the names of only eligible voters residing in the City of Alexandria. Federal law requires "local election officials [to] perform list maintenance with respect to the computerized [state] list on a regular basis." 52 U.S.C. § 21083(a)(2)(A). Moreover, Section 8 of NVRA requires Defendant to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant . . . ." 52 U.S.C. § 20507(a)(4)(A)-(B). Local election officials such as the Defendant are specifically obliged to carry out these list maintenance duties and remove ineligible voters from the rolls pursuant to 52 U.S.C. § 20507(d)(3).

9. Section 8 of the NVRA also requires that Defendant shall "complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists

3

of eligible voters." 52 U.S.C. § 20507(c)(2)(A). Section 8 of the NVRA mandates that any such list maintenance programs or activities "shall be uniform, nondiscriminatory, and incompliance with the Voting Rights Act of 1965 (52 U.S.C. § 10301 *et seq.*)." 52 U.S.C. § 20507(b)(1).

10. Also pursuant to Section 8 of the NVRA, Defendant "shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." 52 U.S.C. § 20507(i)(1).

11. According to publicly available data disseminated by the United States Census Bureau and the federal Election Assistance Commission, voter rolls maintained by the Defendant for the City of Alexandria have contained at various times over the past few election cycles, either more registrants than eligible voting-age citizens or an implausibly high number of registrants.

12. Defendant is responsible for allowing these circumstances to occur and persist. By failing to implement a program which takes reasonable steps to cure these circumstances, Defendant has violated NVRA and other federal list maintenance statutes.

13. As an integral part of its public interest mission, Plaintiff VVA disseminates information about compliance by state and local officials with federal election statutes, including election integrity statutes. A central activity of VVA is to promote election integrity and compliance with federal and state statutes which ensure the integrity of elections. VVA additionally equips volunteers for involvement at every stage of the electoral process and promotes legislative ideas that actively protect the rights of legitimate voters, regardless of their political party affiliation or station in life. Defendant's violation of NVRA has impaired and will

4

impair VVA from carrying out this mission and thus VVA has itself has been harmed by Defendant's noncompliance with the NVRA.

14. As a registered voter and a member of VVA who shares VVA's public interest mission to protect election integrity, Plaintiff Norcross is also harmed by Defendant's noncompliance with the NVRA. Defendant's failure to undertake reasonable efforts to remove ineligible voters from the City of Alexandria's voter rolls places Plaintiff Norcross at risk of dilution by the casting of a ballot by an ineligible registrant.

15. The failure of the Defendant to comply with its obligations under federal voter registration laws has undermined the confidence of Virginia's properly registered voters, including Plaintiff Norcross, in the integrity of the voter registration rolls and, accordingly, has undermined the integrity of elections held across the Commonwealth of Virginia.

16. On January 25, 2016, Plaintiff VVA, writing on behalf of VVA and its members and supporters who are registered to vote in the Commonwealth of Virginia, sent a statutory notice letter to Defendant notifying her that the City of Alexandria was in violation of federal voter registration laws. The notice letter informed the Defendant that "your city is in apparent violation of Section 8 of the National Voter Registration Act based on our research." The letter explained that, "[b]ased on our comparison of publicly available information published by the U.S. Census Bureau and the federal Election Assistance Commission, your city is failing to comply with Section 8 of the NVRA." The letter, *inter alia*, stated: "[i]n short, your city has more voters on the registration rolls than it has eligible living citizen voters."

17. One example of Defendant's failure to reasonably maintain the voter rolls, but not the only example, is that Defendant undertakes absolutely no effort whatsoever to use data available to the City of Alexandria Circuit Court Clerk obtained from jury excusal forms. This

5

data identifies numerous Alexandria residents who self-identify as non-citizens or non-residents of the City of Alexandria. The data also identifies potentially obsolete mailing addresses of registrants. Other counties in the Commonwealth have utilized circuit court clerk data to implement a reasonable list maintenance program, but Defendant has not.

18. The January 25, 2016 letter also sought a variety of publicly available information which would tend to indicate whether or not the Defendant was in compliance with NVRA and other federal laws. Among the data requested were current registration data, the numbers of voters purged pursuant to maintenance obligations, the number of notices sent to inactive voters, the number of voters removed due to criminal conviction, and the most recent number of registered voters.

19. The January 25, 2016 letter also requested that the Defendant make available for public inspection all records concerning "the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency" of official lists of eligible voters, explaining that the Defendant was required to make such records available under Section 8 of the NVRA. (quoting 52 U.S.C. § 20507(i)).

20. Defendant did not provide the information requested and refused to meet to discuss remedies.

21. The January 25, 2016 letter also notified Defendant that a lawsuit may be brought against her to ensure compliance with the requirements of federal voter registration laws. (Exhibit A at 2.)

22. Plaintiff VVA has spent considerable time and financial resources in an effort to improve voter rolls in the City of Alexandria and across the Commonwealth, which have contained more registrants than eligible citizens who reside in the City of Alexandria.

6

23. As part of its mission, Plaintiff VVA audits Virginia's voter rolls to determine that registered voters are entitled to vote based on the requirements of the Virginia Constitution.

24. Defendant's failure to take reasonable efforts to remove ineligible voters for the registrations rolls in the City of Alexandria frustrate, impeded and harm the efforts of VVA and its members, including Plaintiff Norcross.

## COUNT I

### (Violation of the NVRA: Failure to Conduct List Maintenance)

25. Plaintiffs reallege paragraphs 1 through 24 as if fully stated herein.

26. Defendant has failed to make reasonable efforts to conduct voter list maintenance programs, in violation of Section 8 of NVRA, 52 U.S.C. § 20507 and 52 U.S.C. § 21083(a)(2)(A).

27. Plaintiffs have suffered an irreparable injury as a direct result of Defendant's violation of Section 8 of the NVRA and 52 U.S.C. § 21083(a)(2)(A). Defendant's failure to comply with the NVRA has aggrieved Plaintiffs by impairing their essential and core mission of fostering compliance with federal election laws, promotion of election integrity and avoiding vote dilution when ineligible voters participate in elections. Defendant's failure to comply with the NVRA has caused the Plaintiffs pecuniary injury.

28. Plaintiff VVA, as well as its members and supporters in Virginia, including Plaintiff Norcross, will continue to be injured by Defendant's violations of Section 8 of the NVRA because confidence in the legitimacy of elections in Virginia will be undermined and burden their right to vote unless and until Defendant is enjoined from continuing to violate the law.

29. Plaintiffs have no adequate remedy at law.

7

## COUNT II

### (Violation of the NVRA: Failure to Produce Records and Data)

30.     Plaintiffs reallege paragraphs 1 through 24 as if fully stated herein.

31.     Defendant has failed to respond substantively to Plaintiffs' written request for data and failed to provide records to Plaintiff concerning Defendant's implementation of programs and activities for ensuring the accuracy and currency of official lists of eligible voters for The City of Alexandria, in violation of Section 8 of the NVRA, 52 U.S.C. § 20507(i). See, *Project Vote v. Long*, 682 F.3d 331, 334-335 (4th Cir. Va. 2012) (The NVRA requires local election officials to provide such data to the public). Defendant has placed conditions on her compliance with Section 8 of the NVRA, telling Plaintiffs that she will take steps to provide this information only after the Plaintiffs have sent her documents such as "charts."

32.     Plaintiffs have suffered an irreparable informational injury as a direct result of Defendant's violation of Section 8 of the NVRA because the Plaintiffs do not have the data and records requested. The NVRA confers upon Plaintiffs a right to information, and by denying that information to Plaintiffs, Defendant caused a concrete injury to Plaintiffs.

33.     Plaintiffs will continue to be injured by Defendant's violations of Section 8 of the NVRA unless and until Defendant is enjoined from continuing to violate the law.

34.     Plaintiffs have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment:

1.     Declaring that Defendant is in violation of Section 8 of the NVRA;

2. Ordering the Defendant to implement reasonable and effective registration list maintenance programs to cure failures to comply with Section 8 of the NVRA and ensure that non-citizens and ineligible registrants are not on the Defendant's rolls;

3. Ordering the Defendant to substantively respond to Plaintiffs' written request for records concerning her implementation of programs and activities to ensure the accuracy and currency of the City of Alexandria's voter registration list.

4. Ordering the Defendant to pay Plaintiffs' reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and

5. Granting Plaintiffs' further relief that this Court deems just and proper, including potential preliminary injunctive relief to ensure that the 2016 Virginia statewide election is not conducted in the City of Alexandria using voter rolls with ineligible registrants.

Dated: April 7, 2016                    Respectfully submitted,

For the Plaintiffs Virginia Voter's Alliance and David Norcross:

*/s/ J. Christian Adams*

J. Christian Adams (Va. Bar # 42543)
Noel H. Johnson*
PUBLIC INTEREST LEGAL FOUNDATION
209 W. Main Street
Plainfield, IN 46168
Tel: (317) 203-5599
Fax: (888) 815-5641
adams@publicinterestlegal.org
njohnson@publicinterestlegal.org
*Pro Hac Vice applications to be filed*