Exhibit 5

Consent Judgment,
Judicial Watch, Inc. v. Grimes, et al.
Case No. 3:17-cv-94 (E.D. Ky. 2017)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff–Intervenor, ) <br> V. ) <br> ) <br> ALISON LUNDERGAN GRIMES, et al., ) <br> ) <br> Defendants. ) | Civil No. 3:17-cv-00094-GFVT <br><br> **CONSENT JUDGMENT** |

*** *** *** ***

This matter is before the Court on the parties' Proposed Agreed Order. [R. 33.] Judicial Watch, Inc. filed a Complaint alleging violations of Section 8 of the National Voter Registration Act of 1993 (NVRA). 52 U.S.C. § 20507. The United States of America filed a Complaint in Intervention in this matter, alleging violations of Section 8 of the NVRA, with the agreement of all the parties.

As indicated by the proposed order, the parties, through counsel, have conferred and agreed that this action should be settled without the delay and expense of litigation. [R. 33.] The parties share the goals of (1) improving the accuracy of voter registration records through a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of registered voters and (2) ensuring that Kentucky residents are not removed from official lists of registered voters absent the procedural safeguards set forth in the NVRA. Accordingly, the parties have negotiated in good faith and hereby agree to the entry of this Agreed Order as an appropriate resolution.

The parties stipulate and agree to the following:

1. The Court has jurisdiction over this action pursuant to 52 U.S.C. § 20510(a) and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 97(a) and 1391(b).

3. The NVRA authorizes the Attorney General of the United States to bring a civil action for such declaratory or injunctive relief as is necessary to carry out the Act. 52 U.S.C. § 20510(a).

4. Judicial Watch brings suit under the NVRA's private right of action, 52 U.S.C. § 20510(b), and this Court has subject matter jurisdiction over its claims, which arise under federal law. 28 U.S.C. § 1331.

5. The Commonwealth of Kentucky, Commonwealth of Kentucky State Board of Elections, and Kentucky Secretary of State are proper parties in this action.

6. The Commonwealth of Kentucky is one of the States of the United States of America and is subject to the requirements of the NVRA. 52 U.S.C. §§ 20502(4), 20503, 20507.

7. The Commonwealth of Kentucky, through its State Board of Elections, is responsible for administering Kentucky's election laws and supervising the registration and purging of registrants within the State. KRS § 117.015(1). The Secretary of State is the *ex officio* chair of the Kentucky State Board of Elections and Kentucky's chief State election official, and is responsible for coordinating the State's responsibilities under the NVRA. See 52 U.S.C. § 20509; KRS § 117.015(2).

8. The NVRA was enacted "to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office" while "ensur[ing] that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(1), (4).

2

9. Section 8 of the NVRA ("Section 8") addresses state voter list maintenance procedures for elections for federal office. 52 U.S.C. § 20507

10. Section 8 prescribes the conditions under which registrants may be removed from voter registration lists and the procedures that must be followed before making those removals. 52 U.S.C. § 20507.

11. Programs to maintain accurate and current voter registration lists must be uniform and nondiscriminatory, and they must comply with the Voting Rights Act. 52 U.S.C. § 20507(b)(1).

12. Programs to maintain accurate and current voter registration lists may not remove registrants by reason of a registrant's failure to vote, except as provided in the procedures under Sections 8(c) and (d). 52 U.S.C. § 20507(b)(2).

13. Section 8 permits states to remove the name of a person from the voter registration lists upon the request of the registrant, and, if state law so provides, for mental incapacity or for criminal conviction. 52 U.S.C. § 20507(a)(3)(A)–(B).

14. Section 8 also requires states to conduct a general voter registration list maintenance program that makes a reasonable effort to remove persons from the voter list who have become ineligible by reason of death or a change in residence outside of the jurisdiction, in accordance with procedures set forth in the NVRA. 52 U.S.C. § 20507(a)(4).

15. Section 8 further specifies the two circumstances under which a registrant may be removed from the voter registration list because the registrant has moved to another jurisdiction. 52 U.S.C. § 20507(d)(1).

16. First, a state can remove the name of a person from the voter registration list on grounds of a change of residence based upon the registrant's written confirmation of a change of address to a location outside of the registrar's jurisdiction. 52 U.S.C. § 20507(d)(1)(A).

17. Second, a state can remove the name of a person from the voter registration list on grounds of a change of residence upon completion of the process set forth in Section 8(d), 52 U.S.C. § 20507(d), which allows removal if: (a) The registrant fails to respond to a notice ("Section 8(d)(2) notice") which includes a postage prepaid and preaddressed return card sent by forwardable mail, on which the registrant may state his or her current address, and which contains specific instructions and information, 52 U.S.C. § 20507(d)(1)(B)(i), (d)(2), and (b) The registrant then fails to vote or appear to vote during the period ending on the day after the second federal general election subsequent to the Section 8(d)(2) notice being sent. 52 U.S.C. § 20507(d)(1)(B)(ii).

18. Section 8(f) provides that when a registrant has a change-of-address to an address within the same jurisdiction, the voter registration list must be updated accordingly and the registrant's name may not be removed except as provided in Section 8(d). 52 U.S.C. § 20507(f).

19. Section 8 also provides an example of a list maintenance program that constitutes a reasonable effort to remove registrants who have become ineligible due to a change of residence. 52 U.S.C. § 20507(c)(1). Under this program, a state uses information from the United States Postal Service National Change of Address (NCOA) program to identify registrants who may have changed residence. 52 U.S.C. § 20507(c)(1)(A). Where it appears from that information that a registrant has moved to a new address in the same jurisdiction, the registration record is updated to show the new address and the registrant is sent a notice of the change by forwardable mail that includes a postage-prepaid, pre-addressed return form by which

4

the registrant may verify or correct the address information. 52 U.S.C. § 20507(c)(1)(B)(i). Where it appears from the NCOA information that a registrant has moved to a new address in a different jurisdiction, the procedure set out in Section 8(d) and described above is used to confirm the address change. 52 U.S.C. § 20507(c)(1)(B)(ii).

20. Section 8 requires states to complete any program, the purpose of which is to systematically remove the names of ineligible registrants from the official list of eligible voters, not later than 90 days prior to the date of a primary election or general election for federal office. 52 U.S.C. § 20507(c)(2)(A).

21. Kentucky law requires the Kentucky State Board of Elections to establish a voter registration removal program using the change-of-address information supplied by the United States Postal Service through its licensees or other sources to identify registrants whose addresses may have changed. KRS § 116.112(1).

22. If it appears that a registrant has moved within the same county, the Kentucky State Board of Elections is required to provide the county board of elections with the information necessary to change the registration record. The Kentucky State Board of Elections is also required to send to the new address a notice of the change by forwardable mail and a postage prepaid, pre-addressed return form by which the registrant may verify or correct the address information. KRS § 116.112(2).

23. If it appears that a registrant has moved to a different county or state, the Kentucky State Board of Elections is required to send to the address at which the registrant was last registered, by forwardable mail, a notice with a postage-prepaid and pre-addressed return card on which the registrant may state his or her current address. KRS § 116.112(3).

24. A registrant may not be removed from the registration records on the ground that the registrant has changed residence unless the registrant: (a) Confirms in writing that the registrant has changed residence to a place outside the county; or (b) Has failed to respond to the mailed notice and has not voted or appeared to vote and, if necessary, correct the registrant's address, in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice. KRS § 116.112(4).

25. As part of its list maintenance program, the Kentucky State Board of Elections is required by state law to maintain an inactive list. State law provides that when the State Board sends the notices described in KRS § 116.112(3) to registrants identified as having moved to a new county or state, the registrants who do not respond to the notice and do not vote or appear to vote for two federal election cycles are maintained on an inactive list. KRS § 116.112(5). When the State Board last sent such notices in 2009, those registrants who did not respond to the notice and did not vote or appear to vote for two federal election cycles were included on an inactive list and ultimately 67,743 individuals were removed from the registration list.

26. Kentucky law permits registrants on the inactive list to vote, but not to be counted for other purposes such as creating precincts or calculating the state funding provided to county clerks based on the number of registered voters in the county. KRS § 116.112(7).

27. Kentucky law requires the Kentucky State Board of Elections to complete, not later than ninety days prior to the date of a primary or general election, any program the purpose of which is to systematically remove the names of ineligible voters from the registration records. KRS § 116.112(6).

28. The Kentucky State Board of Elections maintains and follows a registration removal program that since 2011, has removed 424,429 individuals from Kentucky's voter rolls due to an individual's death, felon status, mental incompetence, move out of state with their written confirmation, or at their request. The Kentucky State Board of Elections has been unable to secure sufficient funding to implement its list maintenance procedures as to registrants who have moved without notifying election or motor vehicle authorities, despite seeking funding from the General Assembly for these efforts in every budget request since 2008. Currently, there are no registrants on an inactive list or in the process set out in Section 8(d) of the NVRA and KRS § 116.112. Since 2009, no forwardable notices have been mailed to registrants under the change of address process contemplated by Section 8(d) of the NVRA and KRS § 116.112. Since 2015, no registrants who have become ineligible due to change of residence have been removed as contemplated by the procedures set out in Section 8(d) of the NVRA and KRS § 116.112.

29. Due to this lack of funding, the practices currently in place in Kentucky do not comply with the NVRA's requirement that states conduct a general voter registration list maintenance program that makes a reasonable effort to remove ineligible persons from the voter rolls due to a change in residence outside of the jurisdiction. 52 U.S.C. § 20507(a)(4)(B).

30. The parties agree to work in a fair, reasonable, and collaborative fashion under the terms of this Agreed Order set forth below.

Where the parties having freely given their consent, and the terms of this Agreed Order being fair, reasonable, and consistent with the NVRA's requirements, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

7

31. The Kentucky State Board of Elections shall develop and implement a general program of statewide voter list maintenance that makes a reasonable effort to remove from the statewide voter registration list the names of registrants who have become ineligible due to a change in residence in accord with section 8 of the NVRA, 52 U.S.C. § 20507, and KRS § 116.112. The general program:

(a) Shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act, 52 U.S.C. § 10301 et seq.;

(b) Shall not result in the removal of any registrant from the statewide voter registration list by reason of the registrant's failure to vote, except as provided under sections 8(c) and (d) of the NVRA;

(c) Shall comply with the standards and procedures set out in sections 8(b)-(d) of the NVRA and KRS § 116.112;

(d) Shall require all systematic list maintenance activities relating to the removal of registrants due to a change in residence to be completed at least 90 days prior to the next primary or general election for federal office as provided in section 8(c)(2)(A) of the NVRA (with the exceptions noted in section 8(c)(2)(B) of the NVRA) and KRS § 116.112(6); and

(e) Shall base removals due to a change in residence only on either: (1) the registrant's written confirmation of a change of address outside the jurisdiction, or (2) the registrant (a) failing to respond to a forwardable notice sent by the Kentucky State Board of Elections or its designee, which meets the requirements of section 8(d)(2) of the NVRA and KRS § 116.112(3), and (b) failing to vote or

appear to vote during the period ending on the day after the second federal general election subsequent to the notice being sent.

### Comprehensive Plan

32. To assist in the establishment of the general program described above, the Kentucky State Board of Elections shall create a Comprehensive Plan and implement and adhere to its terms.

33. Within 45 days of the effective date of this Agreed Order, the Kentucky State Board of Elections shall provide counsel for the parties with its draft Comprehensive Plan. The parties shall have 30 days to respond. If the parties cannot in good faith agree upon the terms of an appropriate Plan within 30 days of the date the last response, the parties may seek a resolution from the Court. Responses to any such request for resolution shall be filed with the Court within 10 days of the request. Any agreed upon Comprehensive Plan shall be filed with the Court and, if deemed appropriate by the Court, so ordered. The Kentucky State Board of Elections will proceed with the actions described in subparagraph 34(c) below regarding a canvass mailing in the stated timeframes regardless of whether a Comprehensive Plan is in place.

34. The Comprehensive Plan shall include a detailed description of all procedures to be followed by the Kentucky State Board of Elections for maintaining an accurate statewide voter registration list, including procedures to identify registrants who have become ineligible due to change in residence. The descriptions shall include a step-by-step account of all actions to be undertaken and the expected timeframe and frequency of such actions. At a minimum, the Comprehensive Plan shall include the following:

  (a) **Procedures**. Procedures for a general program of list maintenance for registrants who may have become ineligible due to a change of residence that has

9

not been reported to election officials, including procedures that can be implemented in 2018 (bearing in the mind the 90-day quiet period before federal elections), procedures going forward in subsequent years, and procedures for reaching back to identify registrants who may have become ineligible due to an unreported change of residence since 2009.

(b) **Sources of Information Used Regularly**. Procedures to identify registered voters who may have moved without reporting such move to election officials, including procedures for obtaining, processing, and reliably matching information to the statewide voter registration database:

  i. data from the U.S. Postal Service National Change of Address (NCOA) program;

  ii. mail sent by the Kentucky State Board of Elections or local election officials returned as undeliverable with or without forwarding address;

  iii. lists from the Kentucky Transportation Cabinet of former Kentucky residents who have surrendered Kentucky driver licenses or other state issued identification to motor vehicle authorities in another state;

  iv. data from other states indicating that a Kentucky registrant may have moved to that state; and

  v. reliable evidence of address changes from the Electronic Registration Information Center

For each source of information, the Plan shall include the expected date by which the data will first be obtained and the frequency with which such data will be obtained and used in the future, including a plan to obtain and use change-of-

10

address information from either NCOA data or the Electronic Registration Information Center at least once per year.

(c) **Canvass Mailing**. Procedures for sending a nonforwardable canvass mailing to identify registrants through mail returned as undeliverable who may have unreported moves since 2009, excluding any already identified through the Kentucky State Board of Elections' initial use of the information listed in subparagraph (b), including the expected date(s) between May 23 and August 8, 2018, on which the canvass mailing will be sent. Where such nonforwardable canvass mailing is returned as undeliverable with or without forwarding address, this would include procedures for moving ahead during the time period between May 23 and August 8, 2018 as set forth in subparagraphs (d)(i), d(ii), and (e) below.

(d) **Registration List Updates**. Procedures for using the data that is successfully matched to the statewide voter registration list under subparagraphs (b) and (c) to update the registration list, including:

  i. procedures to be followed where data obtained from the sources of information outlined in subparagraphs (b) and (c) above indicate that registrants may have an unreported move inside the registrar's jurisdiction, which shall include updating the registrants' records in compliance with sections 8(c)(1)(B)(i) and 8(f) of the NVRA and sending appropriate notices of such updates, as described in section 8(c)(1)(B)(i);

  ii. procedures to be followed where data obtained from the sources of information outlined in subparagraphs (b) and (c) above indicates that

11

          registrants may have an unreported move outside the registrar's jurisdiction, which shall include sending the specific forwardable notice described in section 8(d)(2) of the NVRA to confirm the registrants' changes in residence, waiting for two federal general elections for the registrant to respond or vote or appear to vote, and failing that, to remove them from the statewide voter registration database according to the procedures set forth in section 8(d) of the NVRA; and

  iii.    the form and content of all notices to be sent to registrants as part of the list maintenance activities described in the Comprehensive Plan.

(e)    **Timing of Notices and Updates**.  The expected date(s) between May 23 and August 8, 2018 when notices will be sent under sections 8(c)(1)(B)(i) or 8(d)(2) of the NVRA and updates carried out under section 8(f) of the NVRA, and the expected timeframes in future years (not within 90 days of an upcoming primary or general election for federal office) when such notices will be sent and updates carried out.

(f)    **List of Registrants to Whom Notices Have Been Sent**.  Procedures for maintaining a list that includes all registrants identified through subparagraphs (b) or (c) as voters who may have become ineligible due to a change in residence outside the jurisdiction, and are mailed notices conforming to section 8(d)(2) of the NVRA, including procedures to ensure that (1) any registrant on the list who appears to vote and is otherwise eligible is permitted to cast a ballot, (2) any registrant on the list can access and review information about his or her registration record and status through Kentucky's web-based voter portal, and (3)

any registrant who responds to the notice and affirms that they remain in the jurisdiction or votes or appears to vote or confirms or updates his or her registration address is updated in the statewide database and returned to active status.

(g) **Removals**. Procedures for removing from the statewide voter registration list any registrant who is mailed a notice conforming to section 8(d)(2) of the NVRA who does not respond to the notice and who does not vote or appear to vote or otherwise have contact with election officials through the day after the second federal general election following the date on which the registrant was mailed the section 8(d) notice, including:

  i.  a commitment to remove the registration of any registrant who meets the conditions prescribed by KRS § 116.112(4), and

  ii. the expected timeframe when such removals will be carried out (not within 90 days of an upcoming primary or general election for federal office).

(h) **Database Management**. A description of databases to be used in list maintenance activities and a plan to consult with relevant database managers, assess the quality of data to be used in list maintenance activities, and develop sound and reliable matching criteria to be used in list maintenance activities (to ensure that the persons identified as having a possible move are properly matched up with the same persons registered in the statewide voter registration database).

(i) **Record-Keeping**. Procedures for maintaining and making available for inspection and copying the records concerning implementation of the general

13

program activities outlined in this decree, in accord with section 8(i) of the NVRA and KRS § 116.112(8).

(j) **Local Election Officials**. A detailed description of any role that local election officials may play in list maintenance activities.

(k) **Public Outreach**. Practices to be followed to educate voters regarding the importance of confirming their registration status, including efforts to be made before the close of registration for each federal general election that follows the removal of registrants on the list described in subparagraph (f).

## Reporting

35.

(a) Within 30 days of the date of this Agreed Order, the Kentucky State Board of Elections will make publicly available on its website, any written procedures relevant to list maintenance, including memos, manuals, training materials, informal guidance, administrative regulations, etc., that exist as of the date of this Agreed Order, and it will make publicly available on its website any such documents subsequently released or revised at the time of such release or revision. These documents shall include any guidance to county clerks regarding implementation of registration updates based on change-of-address data. At the time the information is made public, the State Board will provide a copy or link to counsel for Judicial Watch and the United States.

(b) The Kentucky State Board of Elections will make the results of its efforts of information collection and list maintenance outlined in subparagraphs 34(b)–(g) above publicly available on its website by September 30, 2018, and will

14

update such publicly available information at least once per year by September 30 of each year. At the time the information is made public, the State Board will provide a copy or link to counsel for Judicial Watch and the United States.

(c) The publicly available information described in subparagraph (b) above and provided to counsel for Judicial Watch and the United States will include the following:

    i. Number of registrants identified who may have moved, by source of information listed in subparagraph 34(b) revealing the possible move;

    ii. Number of registration records updated;

    iii. Number of registrants to whom notices conforming to section 8(c)(1)(B)(i) of the NVRA were sent;

    iv. Number of notices conforming to section 8(c)(1)(B)(i) that were returned as undeliverable;

    v. Number of notices conforming to section 8(c)(1)(B)(i) that were returned by the registrant confirming or correcting registration information;

    vi. Number of registrants to whom notices conforming to section 8(d)(2) of the NVRA were sent;

    vii. Number of notices conforming to section 8(d)(2) returned by the registrant confirming or correcting registration information;

    viii. Number of notices conforming to section 8(d)(2) returned as undeliverable;

    ix. Number of notices conforming to section 8(d)(2) to which no response was received;

15

  x. Total number of removals from the statewide voter registration list, with a breakdown by reason for removal, as defined by the U.S. Election Assistance Commission's 2016 Election Administration and Voting Survey;

  xi. Number of removals from the statewide voter registration list due to a move out of jurisdiction, as defined by the U.S. Election Assistance Commission's 2016 Election Administration and Voting Survey, with a breakdown by the source of information relied on;

  xii. Number of active registered voters as of the date of the report; and

  xiii. Number of registrants on the list described in subparagraph 34(f) as of the date of the report.

36. All data reported under the above requirements shall include any list maintenance activity conducted by local election officials.

37. The Kentucky State Board of Elections will report to the U.S. Election Assistance Commission the voter registration data required by the Commission's biennial Election Administration and Voting Survey, during the term of this Agreed Order.

## **Enforcement and Term**

38. The parties to this Agreed Order must employ best efforts to defend this Agreed Order against any legal challenge by non-parties to this agreement.

39. The parties will work cooperatively as the Kentucky State Board of Elections seeks to ensure compliance with the terms of this Agreed Order and the NVRA.

40. This Agreed Order shall take effect once it has been approved by the Court and entered upon the docket ("the effective date").

16

41. This Agreed Order shall remain in effect through October 31, 2023, on which date the agreement will terminate automatically unless the parties mutually agree to extend it or the Court determines that the Defendants have not achieved substantial compliance with its terms.

42. Until the termination of this Agreed Order, the Court shall retain jurisdiction over this action to enter such further relief as may be necessary for the effectuation of the terms of this Agreed Order.

43. Each party shall bear its own costs and fees.

This the 3d day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge