# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA
## HARRISBURG DIVISION

|  |  |  |
|---|---|---|
| | : | |
| JUDICIAL WATCH, INC., | : | NO. 1:120-cv-00708-CCC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH of | : | |
| PENNSYLVANIA, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW OF THE COUNTY DEFENDANTS IN
SUPPORT OF MOTION OF NON-PARTIES COMMON CAUSE
PENNSYLVANIA AND LEAGUE OF WOMEN VOTERS OF
PENNSYLVANIA FOR LEAVE TO INTERVENE**

## I.     BACKGROUND

Proposed Intervenors, Common Cause Pennsylvania and League of Women

Voters of Pennsylvania, make compelling arguments that they have substantial

interests in this litigation that may be adversely affected by its disposition and that

the existing Defendants may not adequately represent those interests.  Defendants

Bucks County Commission, Bucks County Board of Elections, Bucks County

Registration Commission, and Thomas Freitag, in his official capacity as Elections

Director for Bucks County (together, "Bucks County"), Chester County

Commission, Chester County Board of Elections, Chester County Registration

Commission, and Sandra Burke, in her official capacity as Director of Elections in Chester County (together, "Chester County"), and Delaware County Council, Delaware County Board of Elections, Delaware County Registration Commission, and Laureen Hagan, in her official capacity as Chief Clerk, Elections Bureau for Delaware County (together, "Delaware County" and, together with Bucks County and Chester County, the "County Defendants"), believe that the Proposed Intervenors have significant interests at stake and are likely to meaningfully contribute to the development of the issues in this litigation. Accordingly, the County Defendants submit this Memorandum of Law in Support of the Proposed Intervenors' Motion to Intervene.

## II.   ARGUMENT

### A.   The Proposed Intervenors Have Established a Right to Intervene

A court should grant a motion to intervene as of right if the proposed intervenor files a timely application establishing that it has a sufficient interest in the litigation that may be affected or impaired by the disposition of the action, and that that interest will not be adequately represented by an existing party in the litigation. *Benjamin ex rel. Yock v. Department of Public Welfare of Pennsylvania*, 701 F.3d 938, 948 (3d Cir. 2012) (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005)). The Proposed Intervenors have established each of these factors.

The Proposed Intervenors' motion to intervene was unquestionably timely, as it was filed at the earliest possible stage of this case.  *Benjamin ex rel. Yock*, 701 F.3d at 949.

With respect to the nature of the Proposed Intervenors' interests and the possibility that the litigation will impair those interests, the County Defendants agree that the Proposed Intervenors have "significantly protectable" interests that are directly implicated in this litigation and could be affected or impaired by its disposition.  These include the Proposed Intervenors' interests in protecting their efforts to promote voter registration and protecting their members' voter registrations.   These interests are "specific to [Proposed Intervenors]" – they are directly related to the Proposed Intervenors' institutional missions and programming – they are "capable of definition" – indeed, they have been clearly identified – and they "will be directly affected in a substantially concrete fashion by the relief sought" – Plaintiff may well advance a preferred interpretation of the NVRA that would immediately impact the Proposed Intervenors' voter registration programming and would likely impact at least some of their membership over the longer term. *Commonwealth of Pennsylvania v. President United States of America*, 888 F3d 52, 58 (3d Cir. 2018) (internal quotation and citation omitted).

The arguments to the contrary presented by Plaintiff, Judicial Watch, in its Memorandum in Opposition to the Motion to Intervene ("Plf.'s Opp.") fall flat.

First, according to Judicial Watch, the Proposed Intervenors have no protectable interest in this litigation because Judicial Watch's only aim is to enforce the NVRA, and the Proposed Intervenors can have no legitimate interest in opposing enforcement of the NVRA. *See* Plf.'s Opp. at 3-4, 5-7. Judicial Watch assures the Court that the Proposed Intervenors have nothing to fear because "Plaintiff does not seek 'illegal,' 'disenfranchising,' 'aggressive,' or 'unlawful' list maintenance practices." *Id.* at 6. In other words, Judicial Watch is asking the Court to decide now, at the very outset of the case, that the County Defendants and the Commonwealth have violated the NVRA, and that whatever remedy Judicial Watch decides to seek[1] for that supposed violation will be proper. But that is not how litigation works; neither party has the privilege of declaring itself the victor before the first shot is fired. The County Defendants will defend against the allegation that their procedures violate the NVRA, as will, presumably, the Commonwealth, and it is for the Court to decide whose position is correct. The Proposed Intervenors' interest in that process is at least as strong as the interest of Judicial Watch itself.

---

[1] In its Complaint, Judicial Watch asks the Court to order Defendants to "develop and implement a general program that makes a reasonable effort to remove the registration of ineligible registrants" from their voter rolls. Complaint at 20. Judicial Watch does not explain what it considers to be a "reasonable effort."

Second, Judicial Watch argues that its alleged interest—taking ineligible voters off the voting rolls—has no relationship to the Proposed Intervenors' interest in ensuring that eligible voters are not removed from those rolls.  *Id.* at 6. But, as the Eastern District of Michigan very recently held, those two interests are inextricably linked.  In *Public Interest Legal Foundation v. Winfrey*, 2020 WL 2781826, No. 19-13638 (E.D. Mich. May 28, 2020), the court considered the League of Women Voters' motion to intervene in a case with similar allegations seeking, as in this case, "a general program that makes a reasonable effort to remove … ineligible [voters]."  *Id.* at 1.  The court pointed out that the National Voter Registration Act ("NVRA") has two sets of goals: to increase electoral participation, and to ensure that voter rolls are accurate by removing ineligible voters.  *Id.* at *4.  These goals, the court stated, "naturally create some tension," because vigorous efforts to purge ineligible voters might also purge eligible ones. *Id.* (quoting *Bellito v. Snipes*, 935 F.3d 1192, 1198 (11th Cir. 2019)).  The plaintiff, it noted, had claimed an interest in the goal of accuracy, but "simply ignore[d]" the goal of increasing electoral participation; the proposed intervenors had an interest in advancing the latter goal.  The court granted the motion for permissive intervention,[2] stating that

---

[2] The court found that it did not need to address intervention by right.  *Id.* at *3.

> [A] fulsome consideration of both competing interests,
> vigorously advocated by appropriately interested parties
> concerned with each side of the balancing test,
> unquestionably will be helpful to the Court when it is
> called upon to strike the required balance and decide
> whether the defendants' program of list maintenance is
> "reasonable" within the meaning of the statute.

Here, as in *Winfrey*, efforts to remove ineligible voters from the rolls may impact the rights of eligible voters, giving the Proposed Intervenors a protectable interest in the litigation.[3]

Third, Judicial Watch argues that Proposed Intervenors' interests are "speculative" because there is no way to predict whether removals from the voting rolls two to four years from now will affect the Proposed Intervenors' interests. Plf.'s Mem. at 13. This argument proves too much; if Proposed Intervenors' interests in the outcome of this case are "speculative," as Judicial Watch argues, then so are Judicial Watch's interests, and it lacks standing to pursue the case. The

---

[3] Judicial Watch cites to an order denying a motion to intervene in *Judicial Watch v. Logan*, No. 17-cv-8948 (C.D. Cal. July 12, 2018). *See* Plf.'s Mem. at 9-10, 18-19. This order, which was appealed and then vacated, is of little value here, as neither the Order nor Judicial Watch provide any specifics about that case's allegations or the proposed intervenors' asserted interests. Moreover, the court's denial of permissive intervention was based in part on a finding that permitting intervention would double the number of defendants, a factor that does not exist here. *Id.* Ex. 4, *Judicial Watch v. Logan* at *4. Tellingly, Judicial Watch does not point to any other denials of a voting rights organization's motion to intervene in an NVRA case; the Proposed Intervenors, on the other hand, point to many grants of such motions.

Court should reject this argument, as Proposed Intervenors have a clear interest in advancing their position with regard to how the NVRA is interpreted and enforced—today or four years from now—just as Judicial Watch claims to have. *See Common Cause/New York v. Brehm*, 344 F. Supp. 3d 542 (S.D.N.Y. 2018) (holding that Common Cause/New York established standing and stated a viable claim with respect to a violation of Section 8 of the NVRA).

Proposed Intervenors have also shown that the existing Defendants may not adequately represent their interests. The presumption that the Commonwealth of Pennsylvania[4] will protect the Proposed Intervenors' interests is easily overcome; Commonwealth officials are charged with carrying out existing law, not with advancing the policy positions of the Proposed Intervenors. The views of the Secretary of the Commonwealth on the issues presented by this case "are necessarily colored by [her] view of the public welfare rather than the more parochial views of [Proposed Intervenors] whose interest[s] [are] personal to [them]." *Com. of Pennsylvania v. President of United States of America*, 888 F.3d 52, 60-61 (3d Cir. 2018). While the County Defendants and, presumably, the Commonwealth will contend that current procedures comply with the NVRA, it is possible that the existing Defendants and the Proposed Intervenors will have

---

[4] Judicial Watch does not argue that the County Defendants can adequately represent the Proposed Intervenors' interests.

differing approaches to specific issues and proposed remedies.  The Secretary's "numerous complex and conflicting interests" mean that Proposed Intervenors' interests may diverge from hers, and the Proposed Intervenors' "straightforward … interest … may become lost in the thicket of sometimes inconsistent government policies." *Chester Water Authority v. Susquehanna River Basin Com'n*, No. 1:14-cv-1076, 2014 WL 3908186, *5 (M.D. Pa. Aug. 11, 2014 (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 973 (3d. Cir. 1998)).  Similarly, the interests of the Proposed Intervenors and the County Defendants may well diverge.[5]

Contrary to Judicial Watch's argument, Plf.'s Br. at 14-18, the Proposed Intervenors need not show that divergence is certain; their showing that their interests and the other Defendants' interests *may* diverge is enough.  *American Farm Bureau Federation v. U.S. E.P.A.*, 278 F.R.D. 98, 110 (M.D. Pa. 2011) ("[A]n intervenor need only show that representation *may* be inadequate, not that it is inadequate.") (emphasis in original); *Chester Water Authority,* 2014 WL 3908186, *4  ("An applicant bears a minimal burden to show that representation *may* be inadequate.") (emphasis in original).  Proposed Intervenors have satisfied

---

[5] The County Defendants support the Motion to Intervene because they believe that the Proposed Intervenors have strong interests in this matter and can contribute an important perspective.  However, the County Defendants do not expect that they will support all of Proposed Intervenors' positions or arguments.

their "comparatively light" burden of showing potential divergence.  *Am. Farm Bureau*, 278 F.R.D. at 110.

Because Proposed Intervenors' intervention application meets the requisite factors for intervention as-of-right, the Court should grant their request and permit them to join the litigation.

### B.     In the Alternative, Proposed Intervenors Should Be Permitted to Intervene

Even if this Court finds that Proposed Intervenors do not have a right to intervene in this case, it should nonetheless permit intervention.  Proposed Intervenors have filed an unquestionably timely motion to intervene, and they have claims and defenses with respect to the interpretation and implementation of the NVRA that share common questions of law and fact with the main action brought by Judicial Watch.  Fed. R. Civ. P. 24(b).  Proposed Intervenors intend to counter Judicial Watch's claims on the facts and the law.  The subject matter of their proposed arguments perfectly overlaps with the legal and factual issues already presented in this litigation.  The fact that they seek to assert a contrary position to Judicial Watch on these issues does not equate to a prejudicial expansion of the scope of this litigation, rather, it will simply amount to increased analysis on the issues already presented.  As such, if this Court rejects intervention as-of-right, it should exercise its broad discretion to allow Proposed Intervenors into this dispute. *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992).

## III.   CONCLUSION

For the foregoing reasons this Court should recognize non-parties' Common Cause Pennsylvania and League of Women Voters of Pennsylvania right to intervene in this dispute, or in the alternative permit their intervention, and grant their request to join this litigation.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

Date: June 9, 2020

By:     _/s/ Mark A. Aronchick_____
        Mark A. Aronchick
        Michele D. Hangley
        Christina C. Matthias*
        One Logan Square, 27th Floor
        Philadelphia, PA  19103
        Telephone: (215) 496-7050
        Email: maronchick@hangley.com

*Counsel for the County Defendants*

        *Special Admission to the Middle
        District of Pennsylvania pending.