# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA HARRISBURG DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., | NO. 1:120-cv-00708 |
| Plaintiff, | (Judge Christopher C. Conner) |
| v. | |
| COMMONWEALTH of PENNSYLVANIA, et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW OF THE COUNTY DEFENDANTS IN SUPPORT OF MOTION OF NON-PARTIES COMMON CAUSE PENNSYLVANIA AND LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA FOR LEAVE TO INTERVENE**

Defendants Bucks County Commission, Bucks County Board of Elections, Bucks County Registration Commission, Thomas Freitag, in his official capacity as Elections Director for Bucks County, Chester County Commission, Chester County Board of Elections, Chester County Registration Commission, Sandra Burke, in her official capacity as Director of Elections in Chester County, Delaware County Council, Delaware County Board of Elections, Delaware County Registration Commission, and Laureen Hagan, in her official capacity as Chief Clerk, Elections Bureau for Delaware County (the "County Defendants"), seek leave to file a memorandum of law in support of non-parties Common Cause

Pennsylvania and League of Women Voters of Pennsylvania's Motion to Intervene as Defendants ("Motion to Intervene") beyond the deadline for doing so.  The County Defendants' proposed Memorandum of Law ("proposed Memorandum") is attached to the accompanying Motion for Leave as Exhibit A.

The proposed Memorandum draws the Court's attention to, *inter alia*, a highly relevant decision issued by the Eastern District of Michigan two days after the original deadline, *Public Interest Legal Foundation v. Winfrey*, 2020 WL 2781826, No. 19-13638 (E.D. Mich. May 28, 2020), which granted the League of Women Voters' motion to intervene in a case with similar allegations seeking similar relief.  The County Defendants were unable to file the proposed Memorandum by the May 26 deadline because they had not yet obtained counsel at that point.  Plaintiff served the Complaint on the County Defendants on May 11, 2020.  Not surprisingly, in light of the coordination involved in selecting counsel to jointly represent multiple parties from three separate Counties and the competing demands on the Counties' time (in particular the challenges posed by the ongoing public health emergency caused by the COVID-19 pandemic and the recent primary election), the County Defendants required some time to retain counsel.

There is no danger of prejudice to any party by permitting the County Defendants to weigh in on this issue; the length of the delay is minimal and will not interfere with any upcoming deadlines in the case; the County Defendants'

delay reasonably resulted from logistical challenges of coordinating counsel among them; and they act in good faith in now seeking to express their support for the Motion to Intervene.  *See* Fed. R. Civ. P. 6(b)(1)(B); *Drippe v. Tobelinski*, 604 F.3d 778, 784-85 (3d Cir. 2010).  The County Defendants will not object to the Court's permitting any party to respond to their proposed Memorandum.

For these reasons, this Court should grant the County Defendants' Motion for Leave pursuant to Fed. R. Civ. P. 6(b)(1)(B) and order the Clerk of Court to file the proposed Memorandum on the docket.

|  |  |
|---|---|
| Date: June 9, 2020 | Respectfully submitted,<br><br>HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER<br><br>By:   */s/ Mark A. Aronchick*<br>         Mark A. Aronchick<br>         Michele D. Hangley<br>         Christina C. Matthias*<br>         One Logan Square, 27th Floor<br>         Philadelphia, PA  19103<br>         Telephone: (215) 496-7050<br>         Email: maronchick@hangley.com<br><br>*Counsel for County Defendants*<br><br>         *Special Admission to the Middle<br>         District of Pennsylvania pending. |