IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

JUDICIAL WATCH, INC.,

Plaintiff,

v.

COMMONWEALTH of PENNSYLVANIA, et al.,

Defendants.

Civ. Action No. 1:20-cv-00708-CCC

**PLAINTIFF JUDICIAL WATCH'S MEMORANDUM IN OPPOSITION TO MOTION OF COUNTY DEFENDANTS FOR LEAVE TO FILE A LATE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**

Plaintiff Judicial Watch ("Plaintiff") submits this memorandum of law in opposition to the motion of the named defendants in Bucks, Chester, and Delaware Counties ("County Defendants") for leave to file a late memorandum of law (ECF No. 19) in support of the pending motion to intervene (ECF No. 4).

County Defendants concede that their proposed brief is being submitted "beyond the deadline for doing so." (ECF No. 19 at 2.) In fact, this brief was due two weeks ago, on May 26, 2020. By filing it now County Defendants actually benefit from their lateness by being able to respond to Plaintiff's opposition brief,

which they could not have done if they had filed on time. As Plaintiff's counsel explained in the communications concerning this matter:

> The problem for us is that even if the county defendants had timely filed a brief on May 26 responding to the motion, they would not have had the opportunity to substantively respond to our brief filed that same day. If your clients file a brief now they can respond to our arguments and we will have no opportunity to answer. Your clients should not gain a positive advantage because they filed out of time.

(Popper Decl., Ex. 1.)

County Defendants specifically argue that their brief is necessary to bring to the Court's attention

> a highly relevant decision issued by the Eastern District of Michigan two days after the original deadline, *Public Interest Legal Foundation v. Winfrey*, 2020 WL 2781826, No. 19-13638 (E.D. Mich. May 28, 2020), which granted the League of Women Voters' motion to intervene in a case with similar allegations seeking similar relief.

(ECF No. 19-2 at 2.) In fact, the case they use to justify their need to submit a late brief is irrelevant. *Winfrey* did not concern "similar allegations" or seek "similar relief." Indeed, as with the intervenors' citations to other cases from other circuits brought by other plaintiffs (*see* ECF No. 16 at 8-9), the allegations are materially, even dramatically different from those here. The complaint in *Winfrey* and the documents attached to it claim to identify *by name* some 4,887 voters on Detroit's voter rolls who are alleged to be dead or to be duplicate registrations. *See* Complaint, *Pub. Interest Legal Found., Inc. v. Winfrey*, No. 2:19-cv-13638 (E.D. Mich. Dec. 10, 2019) (Popper Decl., Ex. 2), at 14, ¶¶ 40-42 & 16, ¶ 47; *see id.*, internal Ex. D (page

38 of PDF) at 2-3 (discussing 2,503 registrants believed to be dead) and at 4-6 (discussing 2,384 registrations believed to be duplicates); *id.*, internal Ex. E (page 46 of PDF) (55-page spreadsheet of names); *id.*, internal Ex. G (page 104 of PDF) (105-page spreadsheet of names). In other words, the plaintiff specifically identified thousands of current Detroit registrations that it believed the defendants must cancel. But Plaintiff has done no such thing here. To the contrary, in its previous settlements Plaintiff accepted that the defendants would identify the registrations requiring either confirmation letters or removal. (ECF No. 15-4, ¶ 3) ("Registrar Logan shall make a reasonable effort to determine . . . which of the registrations on Los Angeles County's inactive file of registered voters may be cancelled"); (ECF No. 15-5, ¶ 31) ("The Kentucky State Board of Elections shall develop and implement a general program of statewide voter list maintenance that makes a reasonable effort to remove . . . the names of registrants who have become ineligible"). County Defendants' citation to *Winfrey* adds nothing to the discussion of the issues here.

For the foregoing reasons, the court should deny the motion for leave to file a late memorandum of law concerning the motion to intervene.

June 9, 2020

/s/ Robert D. Popper
Robert D. Popper*
Eric Lee*
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
(202) 646-5172

Rpopper@judicialwatch.org
Elee@judicialwatch.org

Shawn M. Rodgers, Esq.
Jonathan S. Goldstein, Esq.**
GOLDSTEIN LAW PARTNERS, LLC
11 Church Road
Hatfield, Pennsylvania 19440
srodgers@goldsteinlp.com
jgoldstein@goldsteinlp.com
(610) 949-0444

T. Russell Nobile*
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506
(202) 527-9866
Rnobile@judicialwatch.org

H. Christopher Coates**
LAW OFFICE OF H. CHRISTOPHER COATES
934 Compass Point
Charleston, South Carolina 29412
(843) 609-7080
curriecoates@gmail.com

* *Admitted pro hac vice*
** *Application for admission pro hac vice forthcoming*

**CERTIFICATE OF SERVICE**

I certify that the foregoing memorandum of law in opposition to the motion of the County Defendants for leave to file a late memorandum of law was filed electronically and served on counsel of record via the ECF system of the U.S. District Court for the Middle District of Pennsylvania.

June 9, 2020

*/s Robert D. Popper*
Robert D. Popper