## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUDICIAL WATCH, INC.,** | : | |
| **Plaintiff** | : | **No.  1:20-CV-0708** |
| | : | |
| **v.** | : | **Judge Conner** |
| | : | |
| **COMMONWEALTH OF** | : | **Electronically Filed Document** |
| **PENNSYLVANIA, KATHY** | : | *Complaint Filed 04/29/20* |
| **BOOCKVAR, BUCKS COUNTY** | : | |
| **COMMISSION, BUCKS COUNTY** | : | |
| **BOARD OF ELECTIONS, BUCKS** | : | |
| **COUNTY REGISTRATION** | : | |
| **COMMISSION, THOMAS FREITAG,** | : | |
| **CHESTER COUNTY COMMISSION,** | : | |
| **CHESTER COUNTY BOARD OF** | : | |
| **ELECTIONS, CHESTER COUNTY** | : | |
| **REGISTRATION COMMISSION,** | : | |
| **SANDRA BURKE, DELAWARE** | : | |
| **COUNTY COUNCIL, DELAWARE** | : | |
| **COUNTY BOARD OF ELECTIONS,** | : | |
| **DELAWARE COUNTY** | : | |
| **REGISTRATION COMMISSION** *and* | : | |
| **LAUREEN HAGAN,** | : | |
| **Defendants** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMON CAUSE PENNSYLVANIA** | : | |
| *and* **LEAGUE OF WOMEN VOTERS** | : | |
| **OF PENNSYLVANIA,** | : | |
| **Intervenor Defendants** | : | |

### ANSWER AND AFFIRMATIVE DEFENSES

Kathy Boockvar, Secretary of the Commonwealth of Pennsylvania, and the

Commonwealth of Pennsylvania ("Defendants"), by and through their undersigned

counsel, hereby file this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Judicial Watch, Inc. ("Plaintiff"), as follows.

1.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

2.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

3.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

4.     ADMITTED in part, DENIED in part. It is ADMITTED only that Plaintiff is Judicial Watch, Inc. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the remaining allegations of this Paragraph so they are DENIED.

5.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

6.     ADMITTED in part, DENIED in part. It is ADMITTED that Kathy Boockvar is Secretary of the Commonwealth and was so appointed in January

2019 by Governor Wolf. The remaining allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

7.    DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

8.    DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

9.    DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

10.   DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

11.     DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

12.     DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

13.     DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

14.     DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

15.     DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

16.     DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

17.     DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

18.     DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

19.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

20.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

21.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

22.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

23.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

24.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

25.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

26.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

27.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

28.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

29.    DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

30.    DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

31.    DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED. By way of further response, the implication that the Defendants are not complying with the National Voter Registration Act (NVRA) is DENIED.

32.    DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED. By way of further response, the implication that the Defendants are not complying with the NVRA is DENIED.

33.    DENIED. This Paragraph contains legal conclusions to which no responsive pleading is required. Those legal conclusions are DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the remaining allegations of this Paragraph so they are DENIED. By way of further response, the implication that the Defendants are not complying with the NVRA is DENIED.

34.    ADMITTED.

35.    ADMITTED in part, DENIED in part. It is ADMITTED that the EAC published the response it received from the Commonwealth to the voter registration survey, and that the EAC has made the survey instrument available at the link alleged, as well as "EAVS Datasets Version 1.2 (released February 18, 2020). The survey instrument and survey responses are documents that speak for themselves and any characterizations by the Plaintiff are DENIED. The remaining allegations of this Paragraph are DENIED.

36.    DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

37.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

38.     DENIED. The EAC survey instrument is a document that speaks for itself. Plaintiff's characterizations of the document are DENIED.

39.     ADMITTED in part, DENIED in part. It is ADMITTED that the Commonwealth initially reported that eight (8) registrations had been removed in Bucks County. It is DENIED that this information is accurate. The Defendants have submitted an amended survey response to the EAC to correct this inaccuracy, and the amended survey response to question A9e reflects that 15,714 registrations had been removed in Bucks County during the most recent two-year reporting period. A true and correct copy of the spreadsheet reflecting the amended numbers submitted to the EAC by the Commonwealth is attached hereto as Exhibit "A."

40.     ADMITTED in part, DENIED in part. It is ADMITTED that the Commonwealth initially reported that five (5) registrations had been removed in Chester County. It is DENIED that this information is accurate. The Defendants have submitted an amended survey response to the EAC to correct this inaccuracy, and the amended survey response to question A9e reflects that 11,519 registrations had been removed in Chester County during the most recent two-year reporting period. *See* Exhibit "A."

41.     ADMITTED in part, DENIED in part. It is ADMITTED that the Commonwealth initially reported that four (4) registrations had been removed in Delaware County. It is DENIED that this information is accurate. The Defendants

9

have submitted an amended survey response to the EAC to correct this inaccuracy, and the amended survey response to question A9e reflects that 20,968 registrations had been removed in Delaware County during the most recent two-year reporting period. *See* Exhibit "A."

42.   ADMITTED. By way of further response, the EAC report is a public document that speaks for itself.

43.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, Defendants' hereby incorporate their answers to Paragraphs 39 through 41, *supra*.

44.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, Defendants' hereby incorporate their answers to Paragraphs 39 through 41, *supra*.

45.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further

response, Defendants' hereby incorporate their answers to Paragraphs 39 through 41, *supra*.

46.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, Defendants' hereby incorporate their answers to Paragraphs 39 through 41, *supra*.

47.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, the article cited in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the same are DENIED.

48.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, this allegation is directed at a  DENIED. This Paragraph is directed to a party other than the answering Defendants, such that no responsive pleading is required. Defendants are also without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph, so they are DENIED.

49.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

50.     ADMITTED in part, DENIED in part. It is ADMITTED that said information appears on the website, but Defendants DENY Plaintiff's characterizations of that information.

51.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

52.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

53.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED. By way of further response, it is DENIED that Judicial Watch's analysis is accurate. *See* Paragraphs 39 through 41, *supra*.

54.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED. By way of further response, it is DENIED that Judicial Watch's analysis is accurate. *See* Paragraphs 39 through 41, *supra*.

55.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED. By way of further response, it is DENIED that Judicial Watch's analysis is accurate. *See* Paragraphs 39 through 41, *supra*.

56.     DENIED. By way of further response, it is DENIED that Judicial Watch's analysis is accurate. *See* Paragraphs 39 through 41, *supra*.

57.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED. By way of further response, it is DENIED that Judicial Watch's analysis is accurate. *See* Paragraphs 39 through 41, *supra*

58.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED. By way of further response, it is DENIED that Judicial Watch's analysis is accurate. *See* Paragraphs 39 through 41, *supra*

59.     ADMITTED in part, DENIED in part. ADMITTED that Defendants received copies of the letters. Defendants have no knowledge or information regarding the truth or falsity of the remaining allegations, so they are DENIED.

60.     DENIED. The letters referenced in this Paragraph are documents that speak for themselves and Plaintiff's characterizations of those documents are

DENIED. By way of further response, it DENIED that the allegations set forth in Plaintiff's letters are true or accurate.

61.     DENIED. The letters referenced in this Paragraph are documents that speak for themselves and Plaintiff's characterizations of those documents are DENIED. By way of further response, it is DENIED that the allegations set forth in Plaintiff's letters are true or accurate.

62.     DENIED. The letters referenced in this Paragraph are documents that speak for themselves and Plaintiff's characterizations of those documents are DENIED. By way of further response, it is DENIED that the allegations set forth in Plaintiff's letters are true or accurate.

63.     DENIED. The letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

64.     DENIED. The letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

65.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

66.     DENIED. The letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

67.     DENIED. The letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

68.     DENIED. The letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

69.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

70.     DENIED. The letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

71.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

72.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

73.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

74.     DENIED. The letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

75.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, the letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

76.    DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED. By way of further response, the implication that the Defendants violated the law is DENIED.

77.    DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

78.    DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

79.    DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

80.    DENIED. The letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

81.     DENIED. The letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

82.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, the letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

83.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, the letter referenced in this Paragraph is a document that speaks for itself and Plaintiff's characterizations of the document are DENIED.

84.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

85.     DENIED. Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

86.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the

allegations are considered factual in nature, they are DENIED. By way of further response, it is DENIED that Judicial Watch was "compelled" by Defendants to do anything.

87.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, it is DENIED that Judicial Watch was "compelled" by Defendants to do anything.

88.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

89.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

90.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

91.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

92.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

93.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

94.   DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

## COUNT I

95.   The foregoing Paragraphs are hereby incorporated by reference as if set forth more fully herein.

96-100.   The allegations of Paragraphs 96 through 100 constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

## COUNT II

101.   The foregoing Paragraphs are hereby incorporated by reference as if set forth more fully herein.

102-105. The allegations of Paragraphs 102 through 105 constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

It is DENIED that the Plaintiff is entitled to relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants have, at all times, acted reasonably and in good faith.

### THIRD AFFIRMATIVE DEFENSE

This case is not justiciable.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are improper Parties to this action.

### FIFTH AFFIRMATIVE DEFENSE

Defendants, at all times, have complied with the NVRA.

### SIXTH AFFIRMATIVE DEFENSE

Defendants conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the officials lists of eligible voters by reason of death or change of address as required by the NVRA.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' program is in compliance with Pennsylvania and federal law.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants have made available all records, as required under the law.

## NINTH AFFIRMATIVE DEFENSE

Defendants did not cause the Plaintiff any harm or damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages and/or its damages are not actionable
and/or it did not mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

This case does not present an actual controversy.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred by laches.

## FOURTEENTH AFFRIMATIVE DEFENSE

This action is barred under Eleventh Amendment Immunity, Sovereign
Immunity, Qualified Immunity, Governmental Immunity and any other applicable
immunity.

Respectfully submitted,

**JOSH SHAPIRO**
**Attorney General**

By:   *s/ Nicole J. Boland*
_____

**Office of Attorney General**                    **NICOLE J. BOLAND**
**15th Floor, Strawberry Square**           **Deputy Attorney General**
**Harrisburg, PA 17120**                           **Attorney ID 314061**
**Phone: (717) 783-3146**

**nboland@attorneygeneral.gov**            **STEPHEN MONIAK**
                                                                  **Senior Deputy Attorney General**
                                                                  **Attorney ID 80035**
**Date:  July 10, 2020**
                                                                  **KAREN M. ROMANO**
                                                                  **Chief Deputy Attorney General**
                                                                  **Civil Litigation Section**

                                                                  **Counsel for Defendant Commonwealth**
                                                                  **of Pennsylvania and Boockvar**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JUDICIAL WATCH, INC.,**                  :
                    **Plaintiff**   :   **No.  1:20-CV-0708**
                              :
       **v.**                             :   **Judge Conner**
                              :
**COMMONWEALTH OF**              :   **Electronically Filed Document**
**PENNSYLVANIA, KATHY**          :   *Complaint Filed 04/29/20*
**BOOCKVAR, BUCKS COUNTY**       :
**COMMISSION, BUCKS COUNTY**     :
**BOARD OF ELECTIONS, BUCKS**    :
**COUNTY REGISTRATION**          :
**COMMISSION, THOMAS FREITAG,**  :
**CHESTER COUNTY COMMISSION,**   :
**CHESTER COUNTY BOARD OF**      :
**ELECTIONS, CHESTER COUNTY**    :
**REGISTRATION COMMISSION,**     :
**SANDRA BURKE, DELAWARE**       :
**COUNTY COUNCIL, DELAWARE**     :
**COUNTY BOARD OF ELECTIONS,**   :
**DELAWARE COUNTY**              :
**REGISTRATION COMMISSION** *and* :
**LAUREEN HAGAN,**               :
                 **Defendants**   :
                              :
       **v.**                             :
                              :
**COMMON CAUSE PENNSYLVANIA**    :
*and* **LEAGUE OF WOMEN VOTERS**  :
**OF PENNSYLVANIA,**             :
      **Intervenor Defendants**   :

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole J. Boland, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on July 9, 2020, I

caused to be served a true and correct copy of the foregoing document to the

following:

**VIA U.S. MAIL**

Eric Lee, Esquire
Robert D. Popper, Esquire
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC  20024
*Counsel for Plaintiff*

H. Christopher Coates, Esquire
Law Office of H. Christopher
   Coates
934 Compass Point
Charleston, SC  29412
*Counsel for Plaintiff*

Jonathan S. Goldstein, Esquire
Goldstein Law Partners, LLC
11 Church Road
Hatfield, PA  19440
*Counsel for Plaintiff*

T. Russell Nobile, Esquire
Judicial Watch, Inc.
P.O. Box 6592
Gulfport, MS  39506
*Counsel for Plaintiff*

**VIA ECF**

Shawn M. Rodgers, Esquire
Goldstein Law Partners, LLC
11 Church Road, Suite 1A
Hatfield, PA  19440
srodgers@goldsteinlp.com
*Counsel for Plaintiff*

Witold J. Walczak, Esquire
American Civil Liberties Union
   of Pennsylvania
247 Ft. Pitt Blvd, 2nd Floor
Pittsburgh, PA  15222
vwalczak@aclupa.org
*Counsel for Intervenor Defendants*

**BUCKS COUNTY DEFENDANTS
(UPDATE WHEN INFO RECVD)**

**CHESTER COUNTY
DEFENDANTS
(UPDATE WHEN INFO RECVD)**

**DELAWARE COUNTY
DEFENDANTS
(UPDATE WHEN INFO RECVD)**

_s/ Nicole J. Boland_
**NICOLE J. BOLAND**