IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

JUDICIAL WATCH, INC.,

Plaintiff,

v.

COMMONWEALTH OF
PENNSYLVANIA, et. al,

Defendants.

CIVIL ACTION NO.

1:20-cv-00708-CCC

_____

**DEFENDANT-INTERVENORS' ANSWER IN INTERVENTION  TO
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Common Cause Pennsylvania and  League of Women Voters of Pennsylvania (the "Defendant-Intervenors"), by and through the undersigned counsel, hereby answer the Complaint filed by the Plaintiff Judicial Watch, Inc. (the "Plaintiff") as follows.

1.      Defendant-Intervenors deny the characterizations and conclusions contained in paragraph 1.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

## JURISDICTION AND VENUE

2.      The allegations contained in paragraph 2 constitute legal conclusions to which no responsive pleading is required.  Defendant-Intervenors deny the allegations in this paragraph to the extent they are considered factual in nature.

3.      The allegations contained in paragraph 3 constitute legal conclusions to which no responsive pleading is required.  Defendant-Intervenors deny the allegations in this paragraph to the extent they are considered factual in nature.

## PARTIES

4.      Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.      This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed

appropriate, the allegations of paragraph 5 constitute legal conclusions to which no responsive pleading is required.

6.      This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 6 constitute legal conclusions to which no responsive pleading is required.

7.      This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 7 constitute legal conclusions to which no responsive pleading is required.

8.      This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 8 constitute legal conclusions to which no responsive pleading is required.

9.      This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 8 constitute legal conclusions to which no responsive pleading is required.

10.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed

appropriate, the allegations of paragraph 10 constitute legal conclusions to which no responsive pleading is required.

11.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 11 constitute legal conclusions to which no responsive pleading is required.

12.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 12 constitute legal conclusions to which no responsive pleading is required.

13.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 13 constitute legal conclusions to which no responsive pleading is required.

14.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 14 constitute legal conclusions to which no responsive pleading is required.

15.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed

appropriate, the allegations of paragraph 15 constitute legal conclusions to which no responsive pleading is required.

16.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 16 constitute legal conclusions to which no responsive pleading is required.

17.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 17 constitute legal conclusions to which no responsive pleading is required.

18.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 18 constitute legal conclusions to which no responsive pleading is required.

## STATUTORY BACKGROUND

19.     Defendant-Intervenors deny the allegations contained in paragraph 19 on the basis that they contain only a partial quotation of the cited section of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

20.     Defendant-Intervenors deny the allegations contained in paragraph 20 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

21.     Defendant-Intervenors deny the allegations contained in paragraph 21 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

22.     Defendant-Intervenors deny the allegations contained in paragraph 22 on the basis that they contain only a partial quotation of the cited statutes, and refer to the cited statutes for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

23.     Defendant-Intervenors deny the allegations contained in paragraph 23 on the basis that they consist of Plaintiff's characterization of Pennsylvania law, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

24.     Defendant-Intervenors deny the allegations contained in paragraph 24 on the basis that they consist of Plaintiff's characterization of Pennsylvania law and federal regulations, and refer to the cited statute and regulation for the full

contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

25.     Defendant-Intervenors deny the allegations contained in paragraph 25 on the basis that they consist of Plaintiff's characterization of the NVRA and Pennsylvania law, and refer to the cited statutes for the full contents thereof. Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

26.     Defendant-Intervenors deny the allegations contained in paragraph 26 on the basis that they consist of Plaintiff's characterization of federal law, and refer to the cited statutes and regulations for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

27.     Defendant-Intervenors deny the allegations contained in paragraph 27 on the basis that they contain only a partial quotation of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

28.     Defendant-Intervenors deny the allegations contained in paragraph 28 on the basis that they contain only a partial quotation of the NVRA, and refer to the cited statute for the contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

## FACTS

### A.     *Judicial Watch's Background, Mission, and Membership.*

29.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

**B.     Defendants' Admissions to the EAC That They Removed Almost No Registrations Pursuant to Section 8(d)(2) of the NVRA.**

34.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and refer to the cited report for the full contents thereof.

35.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and refer to the cited survey and responses for the full contents thereof.

36.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.     Defendant-Intervenors deny the allegations contained in paragraph 37 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

38.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and refer to the cited survey and the cited statute for the full contents thereof.

39.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and refer to the cited responses for the full contents thereof.

40.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and refer to the cited responses for the full contents thereof.

41.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and refer to the cited responses for the full contents thereof.

42.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and refer to the cited responses for the full contents thereof.

43.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 43.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

44.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 44.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

45.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 45.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

46.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 46.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

47.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and refer to the cited material for the full contents thereof.

48.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

50.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 50, and refer to the cited website for the full contents thereof.

**C.     *The High Registration Rates in Bucks, Chester, and Delaware Counties.***

51.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52.     Defendant-Intervenors deny the allegations contained in paragraph 52. The Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

53.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.     Upon information and belief, Defendant-Intervenors deny the allegations in the paragraph 57.

58.     Defendant-Intervenors deny the allegations contained in paragraph 58. Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

**D.     *Judicial Watch's Notice Letters and Correspondence with Defendants.***

59.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, but admit that letters are attached to the Complaint as Exhibits 1, 2, and 3.

60.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and refer to the cited Exhibits for the full contents thereof.

61.     Defendant-Intervenors deny the allegations contained in paragraph 61 on the basis that they reference a portion of the cited Exhibits, and refer to the cited Exhibits for the full contents thereof.

62.     Defendant-Intervenors deny the allegations contained in paragraph 62 on the basis that they reference a portion of the cited Exhibits, and refer to the cited Exhibits for the full contents thereof.

<u>**Bucks County**</u>

63.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 63, deny the characterization and conclusions contained in the second and third sentences of paragraph 63, and refer to the letter attached to the

Complaint as Exhibit 4 for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

64.     Defendant-Intervenors deny the allegations contained in paragraph 64 on the basis that they contain only a partial representation of Exhibit 4, and refer to Exhibit 4 for the full contents thereof.

65.     Defendant-Intervenors deny the allegations contained in the first sentence of paragraph 65.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 65.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

66.     Defendant-Intervenors deny the allegations contained in paragraph 66 on the basis that they contain only a partial representation of Exhibit 4, and refer to Exhibit 4 for the full contents thereof.

67.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 67, but admit that a letter is attached to the Complaint as Exhibit 5. Defendant-Intervenors deny the remaining allegations contained in paragraph 67 on the basis that they contain only partial quotations of Exhibit 5, and refer to Exhibit 5 for the full contents thereof.

68.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 68, but admit that a letter is attached to the Complaint as Exhibit 6. Defendant-Intervenors deny the remaining allegations contained in paragraph 68 on the basis that they contain only partial quotations of Exhibit 6, and refer to Exhibit 6 for the full contents thereof.

69.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 69.

**Chester County**

70.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 70, but admit that a letter is attached to the Complaint as Exhibit 7. Defendant-Intervenors deny the remaining allegations contained in paragraph 70 on the basis that they contain only a partial representation of Exhibit 7, and refer to Exhibit 7 for the full contents thereof.

71.     Upon information and belief, Defendant-Intervenors deny the allegations contained in the first sentence of paragraph 71.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 71. Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

72.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 72.

73.     Defendant-Intervenors deny the allegations contained in paragraph 73 on the basis that they contain only a partial quotation of the cited Exhibit 7, and refer to Exhibit 7 for the full contents thereof.

74.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 74, but admit that a letter is attached to the Complaint as Exhibit 8. Defendant-Intervenors deny the remaining allegations contained in paragraph 74 on the basis that they contain only a partial representation of Exhibit 8, and refer to Exhibit 8 for the full contents thereof.

75.     Defendant-Intervenors deny the allegations contained in paragraph 75 on the basis that they contain only a partial quotation of the cited Exhibit 8, and refer to the cited Exhibit for the full contents thereof.  The Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

76.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 76.

**Delaware County**

77.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 77.

78.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 78.

79.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 79.

**Secretary Boockvar**

80.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80, but admit that a letter is attached to the Complaint as Exhibit 9.

81.     Defendant-Intervenors deny the allegations contained in paragraph 81 on the basis that they contain only a partial representation of the cited Exhibit 9, and refer to Exhibit 9 for the full contents thereof.  The Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

82.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.  The Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

83.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 83, and refer to the letter attached as Exhibit 9 to the Complaint for the full contents thereof.  The Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

**E.     *Judicial Watch's Injury***

16

84.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 86 to the extent they characterize Defendants' conduct.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 86.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

87.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 87 to the extent they characterize Defendants' conduct.  The Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

88.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 88 to the extent they characterize Defendants' conduct.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88 concerning Plaintiff's conduct.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

**F.     *Judicial Watch's Members' Injuries.***

89.     The allegations contained in paragraph 89 constitute legal conclusions to which no responsive pleading is required.  Defendant-Intervenors deny the allegations in this paragraph to the extent they are considered factual in nature.

90.     Paragraph 90 purports to state conclusions of law as to which no response is required; but to the extent they may be deemed to be factual allegations, Defendant-Intervenors deny them upon information and belief..

91.     Paragraph 91 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

92.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 92.

93.     Paragraph 93 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

94.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 94.

## COUNT I

### (Violation of Section 8(a)(4) of the NVRA, 52 U.S.C. § 20507(a)(4))

95.     Defendant-Intervenors restate their answers to paragraphs 1 through 94 as if fully stated herein.

96.     Paragraph 96 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

97.     Paragraph 97 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

98.     Paragraph 98 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

99.     Paragraph 99 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

100.    Paragraph 100 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

## COUNT II

**(Violations of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i) -
Secretary Boockvar, Chester County Defendants,
and Delaware County Defendants))**

101.    Defendant-Intervenors restate their answers to paragraphs 1 through 100 as if fully stated herein.

102.     Paragraph 102 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

103.     Paragraph 103 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

104.     Paragraph 104 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

105.     Paragraph 105 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

## **Prayer for Relief**

No response is required to the Prayer for Relief.  However, to the extent a response is required, Defendant-Intervenors deny the allegations contained in the Prayer for Relief, and specifically deny that Plaintiff is entitled to the relief requested.

**WHEREFORE**, Defendant-Intervenors ask this Court to enter judgment in its favor and against Plaintiff; and to provide such other and further relief as the

Court deems just and proper.

Dated:        July 10, 2020                    Respectfully submitted,

Adriel I. Cepeda Derieux*                */s/ Witold J. Walczak*
Sophia Lin Lakin*                        Witold J. Walczak
Dale E. Ho*                              Sara J. Rose
American Civil Liberties Union           American Civil Liberties Union
Foundation                               of Pennsylvania
125 Broad Street, 18th Floor             P.O. Box 23058
New York, NY 10004                       Pittsburgh, PA 15222
Tel.: (212) 549-2500                     Tel.: (412) 681-7736
acepedaderieux@aclu.org                  vwalczak@aclupa.org
dho@aclu.org


Ezra Rosenberg*                          William T. Russell, Jr.*
John Powers*                             David Elbaum*
Lawyers' Committee for Civil Rights      Shannon K. McGovern*
Under Law                                Daniel Owsley*
1500 K Street, N.W., Suite 900           Simpson Thacher & Bartlett LLP
Washington, D.C.  20005                  425 Lexington Avenue
Tel: (202) 662-8300                      New York, NY 10017
erosenberg@lawyerscommittee.org          Tel: (212) 455-3979
jpowers@lawyerscommittee.org             wrussell@stblaw.com
                                         smcgovern@stblaw.com


*Pro hac vice* application to be filed   *Attorneys for Proposed Defendant-*
                                         *Intervenors*

# CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing reply brief in support of motion to intervene was filed electronically and served on plaintiffs' counsel of record via the ECF system of the U.S. District Court for the Middle District of Pennsylvania; and via e-mail on the following counsel for defendants: Nicole Boland (Assistant Attorney General, Commonwealth of Pennsylvania), Kristen Mayock (Deputy Solicitor, Chester County), Joseph Khan (Solicitor, Bucks County) and William Martin (Solicitor, Delaware County).

Dated:          July 10, 2020                    */s/ Witold J. Walczak*