IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUDICIAL WATCH, INC.,** | : | CIVIL ACTION NO. 1:20-CV-708 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| Defendants | : | |

# ORDER

AND NOW, this 19th day of November, 2020, upon consideration of the motion (Doc. 4) to intervene by Common Cause Pennsylvania and League of Women Voters of Pennsylvania ("proposed intervenors"), and the briefs (Docs. 5, 21) in support thereof, wherein the proposed intervenors seek intervention under Federal Rule of Civil Procedure 24, either as of right or permissively,[1] and further upon consideration of the county defendants' brief (Doc. 26) in support of said motion,[2] and plaintiff's briefs (Docs. 15, 16, 30) in opposition, and the court observing that Rule 24(b) permits "anyone to intervene who . . . has a claim or

---

[1] Because we resolve the motion under Rule 24(b), we need not decide whether proposed intervenors may intervene as of right under Rule 24(a).

[2] The county defendants include: Bucks County Commission, Bucks County Board of Elections, Bucks County Registration Commission, and Thomas Freitag, in his official capacity as Elections Director for Bucks County; Chester County Commission, Chester County Board of Elections, Chester County Registration Commission, and Sandra Burke, in her official capacity as Director of Elections in Chester County; and Delaware County Council, Delaware County Board of Elections, Delaware County Registration Commission, and Laureen Hagan, in her official capacity as Chief Clerk, Elections Bureau for Delaware County.  (See Doc. 26 at 2-3).

defense that shares with the main action a common question of law or fact," FED. R. CIV. P. 24(b)(1)(B), and that the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," FED. R. CIV. P. 24(b)(3), but the court also observing that "district courts have broader discretion in making a determination about whether permissive intervention is appropriate," United States v. Territory of Virgin Islands, 748 F.3d 514, 524 (3d Cir. 2014) (citing Brody *ex rel.* Sugzdinis v. Spang, 957 F.2d 1108, 1115 (3d Cir. 1992)), and often consider factors such as an "identifiable benefit to judicial economy," Brody, 957 F.2d at 1124, and it appearing that the proposed intervenors "share the common legal position" with defendants, see King v. Governor of N.J., 767 F.3d 216, 246 (3d Cir. 2014), abrogated on other grounds by Nat'l Inst. of Family & Life Advocs. v. Becerra, 585 U.S. ___, 138 S. Ct. 2361 (2018), *viz.*, that defendants already comply with the National Voter Registration Act ("NVRA") through a "general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters," see 52 U.S.C. § 20507, and it further appearing that intervention will not unduly delay or prejudice the original parties, since the proposed intervenors filed their motion (Doc. 4) to intervene within two weeks of the complaint, the proposed intervenors have also filed an answer on the

same schedule as defendants,[3] (Doc. 34), and discovery was recently stayed for three months pending the November 2020 election, (Doc. 43), and the court finding that the "presence of the intervenors may serve to clarify issues" and thereby serve judicial economy[4], see Am. Farm Bureau Fed'n v. EPA, 278 F.R.D. 98, 111 (M.D. Pa. 2011), and further finding that permissive intervention is consistent with the Third Circuit Court of Appeals' "policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks," Pennsylvania v. President U.S., 888 F.3d 52, 59 (3d Cir. 2018) (citing Kleissler v. U.S. Forest Serv., 157 F.3d 964, 970 (3d Cir. 1998)), and the court therefore concluding that permissive intervention is warranted under Rule 24(b), it is hereby ORDERED that:

1. The motion (Doc. 4) to intervene is GRANTED.

---

[3] No party squarely addresses Rule 24(c), which instructs intervenors to include with the motion "a pleading that sets out the claim or defense for which intervention is sought." See FED. R. CIV. P. 24(c).  However, we agree with other district courts in this circuit that waive procedural defects under Rule 24 when the motion to intervene has merit, the original parties will not suffer undue prejudice, and the proposed intervenor has provided notice of its position.  See United States ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co., 239 F.R.D. 404, 411 (W.D. Pa. 2006).

[4] Our court of appeals has observed that the purposes of the NVRA "can sometimes be in tension with one another" due to competing goals of an "open registration process" and "clean voter rolls." Am. Civil Rights Union v. Phila. City Comm'rs, 872 F.3d 175, 178, 179 (3d Cir. 2017).  Plaintiff's complaint seeks to enforce the "clean voter rolls" portion of the NVRA (see Doc. 1 ¶¶ 29-33); proposed intervenors seek to enforce the "open registration process" portion of the statute. (See Doc. 4 at 2).  Permissive intervention best serves the goals of the NVRA, since the court can consider "both competing interests, vigorously advocated by appropriately interested parties" as it decides "whether the defendants' program of list maintenance is 'reasonable' under the statute."  Pub. Int. Legal Found., Inc. v. Winfrey, 463 F. Supp. 3d 795, 801 (E.D. Mich. 2020).

2. The Clerk of Court is DIRECTED to add proposed intervenors to the docket and amend the caption accordingly.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania