## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUDICIAL WATCH, INC.,** | : | |
| **Plaintiff** | : | **No.  1:20-CV-0708** |
| | : | |
| **v.** | : | **Judge Conner** |
| | : | |
| **COMMONWEALTH OF** | : | **Electronically Filed Document** |
| **PENNSYLVANIA,** *et al.* | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMON CAUSE PENNSYLVANIA** | : | |
| *and* **LEAGUE OF WOMEN VOTERS** | : | |
| **OF PENNSYLVANIA,** | : | |
| **Intervenor Commonwealth Defendants** | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO
## FIRST AMENDED COMPLAINT

Veronica Degraffenreid, Acting Secretary of the Commonwealth of Pennsylvania, and the Commonwealth of Pennsylvania ("Commonwealth Defendants"), by and through their undersigned counsel, hereby file this Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff, Judicial Watch, Inc. ("Plaintiff"), as follows.

1.      DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

2.      DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

3.      DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

4.      ADMITTED in part, DENIED in part. It is ADMITTED only that Plaintiff is Judicial Watch, Inc. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the remaining allegations of this Paragraph so they are DENIED.

5.      DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

6.      ADMITTED in part, DENIED in part. It is ADMITTED that Veronica Degraffenreid is the Acting Secretary of the Commonwealth. The remaining allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

7.      DENIED. This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the

extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

8.    This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph are ADMITTED.

9.    DENIED. This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph are DENIED.

10.    DENIED. This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

11.    This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph are ADMITTED.

12.    This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the

extent that a response is deemed appropriate, the allegations of this Paragraph are ADMITTED.

13.   DENIED. This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

14.   This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph are ADMITTED.

15.   This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph are ADMITTED.

16.   DENIED. This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

17.   This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the

extent that a response is deemed appropriate, the allegations of this Paragraph are ADMITTED.

18.    This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph are ADMITTED.

19.    DENIED. This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.

20.    This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph are ADMITTED..

21.    This Paragraph is directed to a party other than the answering Commonwealth Defendants, such that no responsive pleading is required. To the extent that a response is deemed appropriate, the allegations of this Paragraph are ADMITTED.

22.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

23.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

24.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.  Further, Plaintiff's interpretations and characterizations of the law are denied.  To the extent that the allegations are considered factual in nature, they are DENIED.

25.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.  Further, Plaintiff's interpretations and characterizations of the law are denied. To the extent that the allegations are considered factual in nature, they are DENIED.

26.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.  Further, Plaintiff's interpretations and characterizations of the law are denied.  To the extent that the allegations are considered factual in nature, they are DENIED.

27.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.  Further, Plaintiff's interpretations and

characterizations of the law are denied.   To the extent that the allegations are considered factual in nature, they are DENIED.

28.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required.  Further, Plaintiff's interpretations and characterizations of the law are denied.   To the extent that the allegations are considered factual in nature, they are DENIED.

29.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

30.    DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

31.    DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

32.    DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

33.    DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this

Paragraph so they are DENIED. By way of further response, the implication that the Commonwealth Defendants are not complying with the National Voter Registration Act (NVRA) is DENIED.

34.    DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED. By way of further response, the implication that the Commonwealth Defendants are not complying with the NVRA is DENIED.

35.    DENIED. This Paragraph contains legal conclusions to which no responsive pleading is required. Those legal conclusions are DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the remaining allegations of this Paragraph so they are DENIED. By way of further response, the implication that the Commonwealth Defendants are not complying with the NVRA is DENIED.

36.    ADMITTED.

37.    ADMITTED in part, DENIED in part. It is ADMITTED that the EAC published the response it received from the Commonwealth to the voter registration survey, and that the EAC has made the survey instrument available at the link alleged, as well as "EAVS Datasets Version 1.2 (released February 18, 2020). The survey instrument and survey responses are documents that speak for themselves

and any characterizations by the Plaintiff are DENIED. The remaining allegations of this Paragraph are DENIED.

38.     ADMITTED in part, DENIED in part.  It is ADMITTED only that EAVS Datasets Version 1.3 (released July 15, 2020) is available on the EAC webpage.   The dataset are documents that speak for themselves and any characterizations by the Plaintiff are DENIED.  It is specifically DENIED that the Commonwealth submitted data "as a result of this lawsuit." The remaining allegations of this Paragraph are DENIED.

39.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

40.     ADMITTED in part, DENIED in part.  It is ADMITTED only that Plaintiff served a first set of interrogatories and requests for production of documents on the Commonwealth Defendants on November 20, 2020, which were subsequently responded to.   *See* Doc. 66.   The remaining allegations in this paragraph are DENIED.

41.     DENIED as stated.  It is ADMITTED only that the Commonwealth's EAC survey responses are published online by the EAC and information has been produced in discovery.  Plaintiff's characterization of the responses and information is DENIED.  The remaining allegations in this paragraph are DENIED.

42.     DENIED. The EAC survey instruments are documents that speak for themselves.  Plaintiff's characterizations of the documents are DENIED.

43.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.  By way of further response, the implication that the Commonwealth Defendants are not complying with the NVRA is DENIED.

44.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

45.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.D

46.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents

that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

47.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

48.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

49.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

50.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.  By way of further response, the

implication that the Commonwealth Defendants are not complying with the NVRA is DENIED.

51.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

52.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

53.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

54.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.  By way of further response, the

implication that the Commonwealth Defendants are not complying with the NVRA is DENIED.

55.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

56.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

57.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

58.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are

considered factual in nature, they are DENIED.  By way of further response, the implication that the Commonwealth Defendants are not complying with the NVRA is DENIED.

59.     DENIED.

60.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

61.     DENIED.  The allegations of this Paragraph are directed at parties other than the Commonwealth Defendants, such that no responsive pleading is required. To the extent a factual response is deemed required, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are DENIED.

62.     DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

63.     DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

64.     DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

65.     DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

66.     DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

67.     DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

68.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.  By way of further response, the implication that the Commonwealth Defendants are not complying with the NVRA is DENIED.

69.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

70.     ADMITTED in part, DENIED in part.  It is ADMITTED only that the Commonwealth Defendants submitted an amended survey response to the EAC as more fully set forth in paragraphs 39 to 41 of its Answer and Affirmative Defenses to the Complaint.  Doc. 33, ¶¶39-41.  It is denied that this was done "in response to Judicial Watch's initial filing of this lawsuit."   Plaintiff's remaining characterizations are DENIED.

71.     ADMITTED in part, DENIED in part.   It is admitted only that Commonwealth Defendants submitted a letter to the Court dated March 30, 2021 with respect to Plaintiff's request for un-finalized and unconfirmed data, which speaks for itself.  Doc. 66.  Plaintiff's characterizations and remaining allegations are DENIED.

72.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.  It is specifically DENIED that the Commonwealth Defendants have "chronic[ally] failed to maintain and report accurate list maintenance data" and have "not implemented a general program that makes a reasonable effort to remove the names of ineligible voters."   By way of further response, the implication that the Commonwealth Defendants are not complying with the NVRA is DENIED.

73.     ADMITTED in part, DENIED in part.  It is ADMITTED only that Judicial Watch issued a notice dated April 22, 2021 to Acting Secretary Degraffenreid which purported to serve as "official statutory notice pursuant to 52 U.S.C. § 20510(b)(1) & (2) that Judicial Watch will file a complaint against you *if these [alleged] violations are not corrected* within 90 days."  It is DENIED that any violations of the NVRA exist or existed.

74.     ADMITTED in part, DENIED in part.  It is ADMITTED only that the Department of State responded to the April 22, 2021 notices by letter dated July 16, 2021 from Ms. Kotula.  Plaintiff's characterizations as to the same are DENIED.

75.     DENIED.    The July 16, 2021 response and its attachments are documents which speak for themselves, and any characterization thereof by Plaintiff is denied.

76.     DENIED.   The July 16, 2021 response and its attachments are documents which speak for themselves, and any characterization thereof by Plaintiff is denied.

77.     ADMITTED in part, DENIED in part.  It is ADMITTED only that Acting Secretary Degraffenreid received copies of notices directed to twenty-seven Pennsylvania Counties.  The remaining allegations in this paragraph are DENIED.

78.     DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

79.     DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.  Further, the news article cited by Plaintiff is a document which speaks for itself, and any characterization thereof by Plaintiff is DENIED.

80.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

81.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

82.     DENIED. Commonwealth Defendants are without knowledge or information sufficient to form a belief on the truth or falsity of the allegations of this Paragraph so they are DENIED.

83.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, it is

DENIED that Judicial Watch was "compelled" by Commonwealth Defendants to do anything.

84.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED. By way of further response, it is DENIED that Judicial Watch was "compelled" by Commonwealth Defendants to do anything and that "Defendants delayed producing relevant information to Judicial Watch without sufficient cause for doing so."

85.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

86.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

87.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

88.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

89.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

90.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

91.     DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

## COUNT I

92.     The foregoing Paragraphs are hereby incorporated by reference as if set forth more fully herein.

93-97.     The allegations in Paragraphs 93 through 97 constitute legal conclusions to which no responsive pleading is required. To the extent that the allegations are considered factual in nature, they are DENIED.

WHEREFORE, Veronica Degraffenreid, Acting Secretary of the Commonwealth of Pennsylvania, and the Commonwealth of Pennsylvania respectfully request that the First Amended Complaint be dismissed with prejudice and/or judgment be entered in their favor.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Commonwealth Defendants have, at all times, acted reasonably and in good faith.

## THIRD AFFIRMATIVE DEFENSE

This case is not justiciable and the Court lacks jurisdiction over this matter.

## FOURTH AFFIRMATIVE DEFENSE

Commonwealth Defendants are improper Parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

Commonwealth Defendants, at all times, have complied with the NVRA.

## SIXTH AFFIRMATIVE DEFENSE

Commonwealth Defendants conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of death or change of address as required by the NVRA.

## SEVENTH AFFIRMATIVE DEFENSE

Commonwealth Defendants' program is in compliance with Pennsylvania and federal law.

## EIGHTH AFFIRMATIVE DEFENSE

Commonwealth Defendants have made available all records, as required under the law.

## NINTH AFFIRMATIVE DEFENSE

Commonwealth Defendants did not cause the Plaintiff any harm or damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages and/or its damages are not actionable and/or it did not mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

This case does not present an actual controversy.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred by laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

This action is barred under Eleventh Amendment Immunity, Sovereign Immunity, Qualified Immunity, Governmental Immunity and any other applicable immunity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of mootness.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent there were any violations of the NVRA, which is denied, any such violations were cured within 90 days after receipt of statutory notice and therefore, Plaintiff may not bring this or any other civil action with respect to any alleged violation.  52 U.S.C.A. § 20510.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not a prevailing party and is not entitled to an award of attorney's fees, litigation expenses, costs or any other amount.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

**By:**   *s/ Stephen Moniak*

**Office of Attorney General**          **STEPHEN MONIAK**
**15th Floor, Strawberry Square**       **Senior Deputy Attorney General**
**Harrisburg, PA 17120**                **Attorney ID 80035**
**Phone: (717) 783-3146**

**smoniak@attorneygeneral.gov**         **NICOLE J. BOLAND**
                                        **Deputy Attorney General**
**Date:  November 22, 2021**            **Attorney ID 314061**

                                        **KAREN M. ROMANO**
                                        **Chief Deputy Attorney General**
                                        **Civil Litigation Section**

                                        **Counsel for Defendant Commonwealth**
                                        **of Pennsylvania and Degraffenreid**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUDICIAL WATCH, INC.,** | : | |
| **Plaintiff** | : | **No.  1:20-CV-0708** |
| | : | |
| **v.** | : | **Judge Conner** |
| | : | |
| **COMMONWEALTH OF** | : | **Electronically Filed Document** |
| **PENNSYLVANIA,** *et al.* | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMON CAUSE PENNSYLVANIA** | : | |
| *and* **LEAGUE OF WOMEN VOTERS** | : | |
| **OF PENNSYLVANIA,** | : | |
| **Intervenor Commonwealth Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Stephen Moniak, Senior Deputy Attorney General for the Commonwealth

of Pennsylvania, Office of Attorney General, hereby certify that on November 22,

2021, I caused to be served a true and correct copy of the foregoing document to the

following:

**VIA ECF**

| | |
|---|---|
| **Eric Lee, Esquire** | **H. Christopher Coates, Esquire** |
| **Robert D. Popper, Esquire** | **Law Office of H. Christopher** |
| **Judicial Watch, Inc.** | **Coates** |
| **425 Third Street SW, Suite 800** | **934 Compass Point** |
| **Washington, DC  20024** | **Charleston, SC  29412** |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

**Jonathan S. Goldstein, Esquire**
**Goldstein Law Partners, LLC**
**11 Church Road**
**Hatfield, PA  19440**
*Counsel for Plaintiff*

**Shawn M. Rodgers, Esquire**
**Goldstein Law Partners, LLC**
**11 Church Road, Suite 1A**
**Hatfield, PA  19440**
**srodgers@goldsteinlp.com**
*Counsel for Plaintiff*

**T. Russell Nobile, Esquire**
**Judicial Watch, Inc.**
**P.O. Box 6592**
**Gulfport, MS  39506**
*Counsel for Plaintiff*

**Witold J. Walczak, Esquire**
**American Civil Liberties Union**
    **of Pennsylvania**
**247 Ft. Pitt Blvd, 2nd Floor**
**Pittsburgh, PA  15222**
**vwalczak@aclupa.org**
*Counsel for Intervenor*
*Commonwealth Defendants*


 *s/ Stephen Moniak*
**Stephen Moniak**