**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | : | No. 1:20-cv-708 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| VERONICA DEGRAFFENREID, Acting | : | |
| Secretary of the Commonwealth; THE LUZERNE | : | |
| COUNTY COUNCIL; TIM McGINLEY, Chair | : | |
| Luzerne County Council; SHELBY WATCHILL, | : | |
| Director of Elections for Luzerne County; THE | : | |
| CUMBERLAND COUNTY BOARD OF | : | |
| COMMISSIONERS; GARY EICHELBERGER, | : | |
| Chair, Cumberland County Board of | : | |
| Commissioners; BETHANY SALZARULO, | : | |
| Cumberland County Director of Elections, | : | |
| THE WASHINGTON COUNTY BOARD OF | : | |
| COMMISSIONERS; DIANA IREY VAUGHAN, | : | |
| Chair, Washington County Board of | : | |
| Commissioners; MELANIE R. OSTRANDER, | : | |
| Washington County Director of Elections; THE | : | |
| INDIANA COUNTY COMMISSIONERS; | : | |
| MICHAEL KEITH, Chairman, Indiana | : | |
| County Commissioners; DEBRA L. STREAMS, | : | |
| Indiana County Director of Voter | : | |
| Registration; THE CARBON COUNTY BOARD | : | |
| OF COMMISSIONERS; WAYNE E. | : | |
| NOTHSTEIN, Chairman, Carbon County Board | : | |
| of Commissioners; LISA DART, Carbon County | : | |
| Director of Elections; with all individual | : | |
| defendants sued in their official capacities, only, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| COMMON CAUSE PENNSYLVANIA; and | : | |
| LEAGUE OF WOMEN VOTERS OF | : | |
| PENNSYLVANIA, | : | |
| | : | |
| Defendant Intervenors | : | |

**ANSWER TO FORST AMENDED COMPLAINT
BY DEFENDANTS, CUMBERLAND COUNTY BOARD OF COMMISSIONERS; GARY
EICHELBERGER, CHAIR, CUMBERLAND COUNTY BOARD OF
COMMISSIONERS; AND BETHANY SALZARULO, CUMBERLAND COUNTY
DIRECTOR OF ELECTIONS**

The Cumberland County Board of Commissioners; Gary Eichelberger, Chair, Cumberland County Board of Commissioners; and Bethany Salzarulo, Cumberland County Director of Elections and Voter Registration (hereinafter collectively referred to as "the Defendants"), by and through Counsel, hereby answer Plaintiff's First Amended Complaint as follows, denying each and every averment except as expressly admitted below:

1.      Paragraph 1 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

2.      Paragraph 2 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

3.      Paragraph 3 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

4.      Paragraph 4 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.   To the extent a response is required, the allegations are denied.

5.      Paragraph 5 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

6.      Paragraph 6 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

7.      Paragraph 7 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

8.      Paragraph 8 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

9.      Paragraph 9 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

10.     Denied.  The Cumberland County Board of Commissioners is the body that governs the County of Cumberland.  By way of further answer, it is specifically denied that the Board of Commissioners has jurisdiction over the conduct of elections in Cumberland County. In fact, the Cumberland County Board of Elections has jurisdiction over the conduct of elections in the County.

11.     Admitted.

12.     Admitted in part, denied in part.  By way of further answer, Bethany Salzarulo's correct title is Director of Elections and Voter Registrations.

13.     Paragraph 13 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

14.  Paragraph 14 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

15.  Paragraph 15 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

16.  Paragraph 16 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

17.  Paragraph 17 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

18.  Paragraph 18 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

19.  Paragraph 19 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

20.  Paragraph 20 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

21.  Paragraph 21 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

22.  Paragraph 22 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

23.  Paragraph 23 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

24.  Paragraph 24 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

25.  Paragraph 25 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

26.  Paragraph 26 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

27.  Paragraph 27 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

28. Paragraph 28 states opinions and conclusions of law to which no response is necessary. To the extent a reply is deemed necessary, the same is denied.

29. Paragraph 29 states opinions and conclusions of law to which no response is necessary. To the extent a reply is deemed necessary, the same is denied.

30. Paragraph 30 states opinions and conclusions of law to which no response is necessary. To the extent a reply is deemed necessary, the same is denied.

31. Paragraph 31 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

32. Paragraph 32 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

33. Paragraph 33 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

34. Paragraph 34 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

35. Paragraph 35 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

36. Paragraph 36 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

37. Paragraph 37 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

38. Paragraph 38 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

39.  Paragraph 39 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

40.  Paragraph 40 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

41.  Paragraph 41 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

42.  Paragraph 42 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.     Further, Paragraph 42 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

43.  Paragraph 43 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.     Further, Paragraph 43 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

44.  Paragraph 44 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

45.  Paragraph 45 is denied in that Defendants know that the "data" cited by Plaintiff in incorrect.  By way of further answer, Defendants note as follows:

a.      For the time period covering years 2016 through and including 2021, a total of 77,082 voters were removed from Cumberland County's voter registrations.  The Cancellations Applications Processed spreadsheet, outlining the reasons why voter registrations were cancelled and providing a year-to-year breakdown of the cancellations is attached hereto and incorporated herein as Exhibit "A."

b.  For the time period covering years 2016 through and including 2021, Cumberland County conducted extensive voter maintenance processes, which included thousands of mailings being sent to individuals registered to vote in Cumberland County.  Attached as Exhibit "B" and incorporated herein is the Voter Maintenance Mailings spreadsheet depicting the number and reason for letters being issued and received back from voters.

46.     Paragraph 46 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

47.  Paragraph 47 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

48.  Paragraph 48 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

49.  Paragraph 49 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein as applicable to Luzerne County, Washington County, Indiana County and Carbon County.  Further, Paragraph 49 is specifically denied as applied to Cumberland County based on the data provided hereinabove in Defendants' answer to Paragraph 45.

50.  Paragraph 50 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein as applicable to Luzerne County, Washington County, Indiana County and Carbon County.  Further, Paragraph 50 is specifically denied as applied to Cumberland County based on the data provided hereinabove in Defendants' answer to Paragraph 45.  Moreover, Paragraph 50 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

51.   Paragraph 51 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein as applicable to Luzerne County, Washington County, Indiana County and Carbon County.  Further, Paragraph 51 is specifically denied as applied to Cumberland County based on the data provided hereinabove in Defendants' answer to Paragraph 45.  Moreover, Paragraph 51 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

52.   Paragraph 52 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein as applicable to Lackawanna County, Luzerne County and Washington County.  Further, Paragraph 52 is specifically denied as applied to Cumberland County based on the data provided hereinabove in Defendants' answer to Paragraph 45.  Moreover, Paragraph 52 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

53.   Paragraph 53 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

54.   Paragraph 54 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

55.   Paragraph 55 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

56.   Paragraph 56 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

57.   Paragraph 57 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

58.  Paragraph 58 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

59.  Paragraph 59 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

60.  Paragraph 60 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

61.  Paragraph 61 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

62.  Paragraph 62 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

63.  Paragraph 63 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

64.  Paragraph 64 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

65.  Paragraph 65 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

66.  Paragraph 66 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

67.  Paragraph 67 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

68.  Paragraph 68 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.    Further, Paragraph 68 states

opinions and conclusions of law to which no response is necessary. To the extent a reply is deemed necessary, the same is denied.

69. Paragraph 69 states opinions and conclusions of law to which no response is necessary. To the extent a reply is deemed necessary, the same is denied.

70. Paragraph 70 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

71. Paragraph 71 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

72. Paragraph 72 states opinions and conclusions of law to which no response is necessary. To the extent a reply is deemed necessary, the same is denied.

73. Paragraph 73 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

74. Paragraph 74 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

75. Paragraph 75 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

76. Paragraph 76 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

77. Paragraph 77 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

78. Admitted in part, denied in part. Paragraph 78 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein as to Luzerne County, Washington County, Indiana County and Carbon County. It is admitted

that Cumberland County did not respond to the letter given that Judicial Watch issued these letters in the midst of Cumberland County's preparation for and conduct of the May 18, 2021 primary. Any inference that Defendants' failure to respond to Judicial Watch's letter is an admission of any violation of any law is expressly denied.

79. Paragraph 79 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

80. Paragraph 80 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein. Further, Paragraph 80 states opinions and conclusions of law to which no response is necessary. To the extent a reply is deemed necessary, the same is denied.

81. Paragraph 81 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

82. Paragraph 82 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

83. Paragraph 83 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

84. Paragraph 84 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

85. Paragraph 85 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

86. Paragraph 86 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein. Further, Paragraph 86 states

opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

87.  Paragraph 87 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.    Further, Paragraph 87 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

88.  Paragraph 88 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.    Further, Paragraph 88 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

89.  Paragraph 89 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.    Further, Paragraph 89 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

90.  Paragraph 90 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.    Further, Paragraph 90 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

91.  Paragraph 91 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein.

92.  Paragraph 92 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments referenced therein.    Further, Paragraph 92 references preceding paragraphs wherein Judicial Watch stated opinions and conclusions of law

to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

93.  Paragraph 93 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

94.  Paragraph 94 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

95.  Paragraph 95 is denied in that Defendants are without sufficient knowledge and/or information to affirm or deny the averments set forth therein as to any other named defendant.  It is specifically denied that Defendants Cumberland County Board of Commissioner, Gary Eichelberger, Chair, Cumberland County Board of Commissioners and Bethany Salzarulo, Cumberland County Director of Elections and Voter Registration failed to fully comply with Section 8(a)(4) of the NVRA.    Further, Paragraph 95 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

96.  Paragraph 96 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.

97.  Paragraph 97 states opinions and conclusions of law to which no response is necessary.  To the extent a reply is deemed necessary, the same is denied.


WHEREFORE, Defendants Cumberland County Board of Commissioners, Gary Eichelberger, Chair, Cumberland County Board of Commissioners, and Bethany Salzarulo, Cumberland County Director of Elections and Voter Registration respectfully requests that this Honorable Court enter a judgment in their favor dismissing all claims against Defendants, with prejudice; and, further, award the Defendants reasonable costs and expenses, including attorneys'

fees associated with defending against this unwarranted litigation, along with any other relief to which Defendants Cumberland County Board of Commissioners, Gary Eichelberger, Chair, Cumberland County Board of Commissioners, and Bethany Salzarulo, Cumberland County Director of Elections and Voter Registration are entitled and that this Honorable Court deems just and proper.

Dated:  December _____, 2021

/s/ *Keith O. Brenneman, Esq.*
By:  Keith O. Brenneman, Esq.
Pa. Attorney I.D. No. 47077
One Courthouse Square, Room 208
Carlisle, PA  17013
Email:  kbrenneman@ccpa.net
Cumberland County Solicitor
For the Cumberland County Board of Commissioner; Gary Eichelberger, Chair, Cumberland County Board of Commissioners; and Bethany Salzarulo, Director of Elections and Voter Registration

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I have reviewed the foregoing Answer to the First Amended Complaint of Defendants, Cumberland County Board of Commissioners and of myself, Gary Eichelberger, Chair, Cumberland County Board of Commissioners, and that the factual allegations and the foregoing answers are true and correct.

Date: December 22, 2021          */s/ Gary Eichelberger, Chair*
                                 Gary Eichelberger, Chair
                                 Cumberland County Board of Board of Commissioners

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I have reviewed the foregoing Answer to the First Amended Complaint of Defendant Bethany Salzarulo, Director of Elections and Voter Registration, Cumberland County, and that the factual allegations and the foregoing answers are true and correct.

Date: December 22, 2021          */s/ Bethany Salzarulo*
                                 Bethany Salzarulo, Director of
                                 Elections and Voter Registration, Cumberland County

16

## **<u>CERTIFICATE OF SERVICE</u>**

I, Keith O. Brenneman, Esquire, certify that on the 27th day of December, 2021, a copy

of the foregoing Answer to First Amended Complaint by ECF filing on all counsel.


<u>/s/ *Keith O. Brenneman, Esq.*</u>
By:  Keith O. Brenneman, Esq.
Pa. Attorney I.D. No. 47077
One Courthouse Square, Room 208
Carlisle, PA  17013
Email:  kbrenneman@ccpa.net
Cumberland County Solicitor
For the Cumberland County Board of
Commissioner; Gary Eichelberger, Chair,
Cumberland County Board of
Commissioners; and Bethany Salzarulo,
Director of Elections and Voter Registration