IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., | Civ. No. 1:20-cv-708 |
| Plaintiffs, | (Judge Christopher C. Conner) |
| vs. | ***Electronically Filed Document*** |
| COMMONWEALTH OF PENNSYLVANIA; VERONICA DEGRAFFENREID, Acting Secretary of the Commonwealth; THE LUZERNE COUNTY COUNCIL; TIM McGINLEY, Chair, Luzerne County Council; SHELBY WATCHILLA, Director of Elections for Luzerne County; THE CUMBERLAND COUNTY BOARD OF COMMISSIONERS; GARY EICHELBERGER, Chair, Cumberland County Board of Commissioners; BETHANY SALZARULO, Cumberland County Director of Elections; THE WASHINGTON COUNTY BOARD OF COMMISSIONERS; DIANA IREY VAUGHAN, Chair, Washington County Board of Commissioners; MELANIE R. OSTRANDER, Washington County Director of Elections; THE INDIANA COUNTY COMMISSIONERS; MICHAEL KEITH, Chairman, Indiana County Commissioners; DEBRA L. STREAMS, Indiana County Director of Voter Registration; THE CARBON COUNTY BOARD OF COMMISSIONERS; WAYNE E. NOTHSTEIN, Chairman, Carbon County Board of Commissioners; LISA DART, Carbon County Director of Elections; with all individual defendants sued in their official capacities only, | |
| Defendants, | |
| vs. | |
| COMMON CAUSE PENNSYLVANIA; and LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, | |
| Defendant Intervenors. | |

## **ANSWER AND AFFIRMATIVE DEFENSES**

And now, comes the Defendants, The Washington County Board of Commissioners; Diana Irey Vaughan, Chair, Washington County Board of Commissioners and Melanie R. Ostrander, Washington County Director of Elections (hereinafter referred to as Washington County Defendants) by and through their attorneys, Robert J. Grimm, Esquire and the law firm of Walsh, Barnes & Zumpella, P.C. and files the following Answer and Affirmative Defenses in response to the Plaintiff's First Amended Complaint asserting and setting forth the following:

1.  The allegations contained in paragraph No. 1 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the Washington County Defendants deny that they are liable to the Plaintiffs for declaratory and/or injunctive relief and further deny that they have violated the National Voter Registration Act of 1993, 52 U.S.C. §20507 at any time then and there existing.

## **JURISIDICTION AND VENUE**

2.  The allegations contained in paragraph No. 2 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the same are denied and strict proof is demanded at time of trial.

3.  The allegations contained in paragraph No. 3 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, it is denied that venue is proper insofar as these Defendants do not reside in the within jurisdiction of the Middle District of Pennsylvania.

## PARTIES

4.  The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 4 of the Plaintiff's Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

5.  The allegations contained in paragraph No. 5 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

6.  The allegations contained in paragraph No. 6 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

7.  The allegations contained in paragraph No. 7 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

8.  The allegations contained in paragraph No. 8 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

9.  The allegations contained in paragraph No. 9 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

10. The allegations contained in paragraph No. 10 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

11. The allegations contained in paragraph No. 11 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

12. The allegations contained in paragraph No. 12 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

13. The allegations contained in paragraph No. 13 of the Plaintiff's Amended Complaint are denied as stated.  It is denied that Washington County Commissioners is the body that governs the conduct of elections within Washington County.  To the contrary, the

Washington County Board of Elections has jurisdiction over the conduct of elections within the County.

14. The allegations contained in paragraph No. 14 of the Plaintiff's Amended Complaint are admitted.

15. The allegations contained in paragraph No. 15 of the Plaintiff's Amended Complaint are admitted.

16. The allegations contained in paragraph No. 16 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

17. The allegations contained in paragraph No. 17 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

18. The allegations contained in paragraph No. 18 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

19. The allegations contained in paragraph No. 19 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

20. The allegations contained in paragraph No. 20 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

21. The allegations contained in paragraph No. 21 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

22. The allegations contained in paragraph No. 22 of the Plaintiff's Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.

## **STATUTORY BACKGROUND**

23. The allegations contained in paragraph No. 23 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, and to the extent that paragraph No. 23 mischaracterizes and/or misstates the NVRA Statute then the same is hereby denied.

24. The allegations contained in paragraph No. 24 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, and to the extent that paragraph No. 24 mischaracterizes and/or misstates the NVRA Statute then the same is hereby denied.

25. The allegations contained in paragraph No. 25 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, and to the extent that paragraph No. 25 mischaracterizes and/or misstates the NVRA Statute then the same is hereby denied.

26. The allegations contained in paragraph No. 26 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, this Defendant denies the allegations as set forth in paragraph No. 26 insofar as they are inconsistent with Pennsylvania Law.

27. The Washington County Defendants deny the allegations contained in paragraph No. 27 of the Plaintiff's First Amended Complaint to the extent that they are inconsistent with or mischaracterized the Pennsylvania Law as set forth in 25 Pa.C.S. §1901.  The Washington County Defendants hereby incorporate Pennsylvania Law as set forth in 25 Pa.C.S. §1901(a)(b) as though more fully set forth herein at length.

28. The allegations contained in paragraph No. 28 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the same are hereby denied.

29. The allegations contained in paragraph No. 29 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the same are hereby denied.

30. The allegations contained in paragraph No. 30 of the Plaintiff's First Amended Complaint are admitted.

## FACTS

### I.  Judicial Watch Background Mission and Membership

31. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 31 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

32. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 32 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

33. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 33 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

34. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 34 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

35. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 35 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

## II.  **Data Available from Election Assistant Commission Survey Responses**

36. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 36 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

37. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 37 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

38. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 38 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

39. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 39 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

40. The allegations contained in paragraph No. 40 of the Plaintiff's First Amended Complaint are denied insofar as the Plaintiff did not request documents and information from the Washington County Defendants concerning their responses to the EAC latest survey in November of 2020.  The Washington County Defendants are without sufficient information or knowledge regarding the remaining allegation

contained in paragraph No. 40 in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

### III. Relevant Admissions Concerning the County Defendants

41. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 41 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

42. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 42 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

43. The allegations contained in paragraph No. 43 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is deemed necessary, the Washington County Defendants are without sufficient information or knowledge regarding said allegations and therefore, same are denied and strict proof is demanded at time of trial.

44. The allegations contained in paragraph No. 44 of the Plaintiff's First Amended Complaint are directed to Defendants other than this Defendant and therefore, no responsive pleading is required.

45. The allegations contained in paragraph No. 45 of the Plaintiff's First Amended Complaint are directed to Defendants other than this Defendant and therefore, no responsive pleading is required.

46. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 46 in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

47. The allegations contained in paragraph No. 47 of the Plaintiff's First Amended Complaint are directed to Defendants other than this Defendant and therefore, no responsive pleading is required.

48. The allegations contained in paragraph No. 48 of the Plaintiff's First Amended Complaint are directed to Defendants other than this Defendant and therefore, no responsive pleading is required.

49. The allegations contained in paragraph No. 49 of the Plaintiff's First Amended Complaint are denied as they pertain to the Washington County Defendants.  In further answer thereto, this Defendant properly complied with the laws in regards to purging of the voter rules.

50. The allegations contained in paragraph No. 50 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 50 of the Plaintiff's First Amended Complaint are denied.

51. The allegations contained in paragraph No. 51 of the Plaintiff's First Amended Complaint are denied as they pertain to the Washington County Defendants.  In

further answer thereto, this Defendant properly complied with the laws in regards to purging of the voter rules

52.   The allegations contained in paragraph No. 52 of the Plaintiff's First Amended Complaint are directed to Defendants other than this Defendant and therefore, no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 52 are denied.

53.  The allegations contained in paragraph No. 53 of the Plaintiff's First Amended Complaint are directed to Defendants other than this Defendant and therefore, no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 53 are denied

54.  The allegations contained in paragraph No. 54 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 54 of the Plaintiff's First Amended Complaint are denied.

55.  The allegations contained in paragraph No. 55 of the Plaintiff's First Amended Complaint are directed to Defendants other than this Defendant and therefore, no responsive pleading is required.

56.  The allegations contained in paragraph No. 56 of the Plaintiff's First Amended Complaint are directed to Defendants other than this Defendant and therefore, no responsive pleading is required.

57. The allegations contained in paragraph No. 57 of the Plaintiff's First Amended Complaint are denied.  In further answer thereto, the Washington County Defendants complied with the laws pertain to the purging of ineligible voters.

58. The allegations contained in paragraph No. 58 of the Plaintiff's First Amended Complaint are directed to Defendants other than these Defendants and therefore, no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 58 are denied.

## IV. <u>Relevant Admissions Concerning Other Pennsylvania Counties</u>

59. The allegations contained in paragraph No. 59 of the Plaintiff's First Amended Complaint are denied.

60. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 60 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

61. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 61 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

62. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 62 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

63. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 63 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

64. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 64 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

65. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 65 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

66. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 66 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

67. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 67 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

68. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 68 of the Plaintiff's First

Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

### V.  <u>ADMISSIONS CONCERNING THE ACCURACY OF PENNSYLVANIA'S NVRA RELATED RECORDS</u>

69. The allegations contained in paragraph No. 69 of the Plaintiff's First Amended Complaint are admitted.

70. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 70 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

71. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 71 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

72. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 72 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

### VI. <u>JUDICIAL WATCH NOTICE LETTERS AND DEFENSE RESPONSES</u>

73. The allegations contained in paragraph No. 73 of the Plaintiff's First Amended Complaint are admitted.

74. The allegations contained in paragraph No. 74 of the Plaintiff's First Amended Complaint are admitted.

75. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 75 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

76. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 76 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

77. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 77 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore, same are denied and strict proof is demanded at time of trial.

78. The allegations contained in paragraph No. 78 of the Plaintiff's First Amended Complaint are denied as stated.  In further answer thereto, Washington County Defendants responded by providing information to the state of Pennsylvania.

79. The allegations contained in paragraph No. 79 of the Plaintiff's First Amended Complaint are directed to Defendants other than these Defendants and therefore, on responsive pleading is required.

80. The allegations contained in paragraph No. 80 of the Plaintiff's First Amended Complaint are directed to Defendants other than these Defendants and therefore, on responsive pleading is required.

## VII.   JUDICIAL WATCH INQUIRY

81. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 81 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore same are denied and strict proof is demanded at time of trial.

82. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 82 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore same are denied and strict proof is demanded at time of trial.

83. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 83 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore same are denied and strict proof is demanded at time of trial.

84. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 84 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore same are denied and strict proof is demanded at time of trial.

85. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 85 of the Plaintiff's First

Amended Complaint in which to formulate an answer and therefore same are denied and strict proof is demanded at time of trial.

## VIII.   <u>JUDICIAL WATCH MEMBER INQUIRIES</u>

86. The Washington County Defendants are without sufficient information or knowledge regarding the allegations contained in paragraph No. 86 of the Plaintiff's First Amended Complaint in which to formulate an answer and therefore same are denied and strict proof is demanded at time of trial.

87. The allegations contained in paragraph No. 87 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 87 are denied.

88. The allegations contained in paragraph No. 88 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 88 are denied.

89. The allegations contained in paragraph No. 89 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 89 are denied.

90. The allegations contained in paragraph No. 90 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To

the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 90 are denied.

91. The allegations contained in paragraph No. 91 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 91 are denied.

## **COUNT I.**

## **Violation of Section 8(a)4 of the NVR 52 U.S.C. 20507(a)4**

92. The Washington County Defendants hereby incorporate their answer as set forth in paragraph No. 1 through 91 above as though more fully set forth herein at length.

93. The allegation contained in paragraph No. 93 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 93 of the Plaintiff's First Amended Complaint are denied.

94. The allegation contained in paragraph No. 94 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 94 of the Plaintiff's First Amended Complaint are denied.

95. The allegation contained in paragraph No. 95 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 95 of the Plaintiff's First Amended Complaint are denied.

96. The allegation contained in paragraph No. 96 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 96 of the Plaintiff's First Amended Complaint are denied.

97. The allegation contained in paragraph No. 97 of the Plaintiff's First Amended Complaint state conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is deemed necessary, the allegations contained in paragraph No. 97 of the Plaintiff's First Amended Complaint are denied.

**WHEREFORE,** the Washington County Defendants deny that they are indebted in any sum whatsoever to the Plaintiff and they also deny that they have violated any Federal or Pennsylvania Laws and request that Judgment be entered in their favor with costs assessed against the Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's First Amended Complaint fails to set forth an appropriate cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Washington County Defendants have, at all times, acted reasonably and in good faith in accordance with the NVRA.

## THIRD AFFIRMATIVE DEFENSE

This case is not justiciable and the Court lacks jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

The Washington County Defendants did not cause the Plaintiff any harm or damages.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has not suffered or sustained any damages or its damages are not actionable and/or it did not mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

This case did not present an actual controversy or dispute.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff does not have standing to bring the within lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's First Amended Complaint is barred by the Doctrine of Laches.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's First Amended Complaint is wholly or partially barred by Eleventh Amendment immunity, sovereign immunity, qualified immunity, governmental immunity, absolute immunity and any other applicable immunity.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff is not a prevailing party and is not entitled to an award of counsel fees, litigation expenses, costs or any other monetary damages.

## ELEVENTH AFFIRMATIVE DEFENSE

If any violations of the NVRA, which are denied, caused by the Washington County Defendants, then said violations were cured within ninety (90) days after receipt of statutory notice and therefore, Plaintiff does not have any standing to bring the within action.

Respectfully submitted,

WALSH, BARNES & ZUMPELLA, P.C.


By   **/s/ Robert J. Grimm**

Robert J. Grimm, Esquire
PA I.D. No. 55381
2100 Corporate Drive, Suite 300
Wexford, PA 15090
(412) 261-3288
Email:  rgrimm@walshlegal.net
Attorney for Defendants, The Washington County
Board of Commissioners; Diana Irey Vaughan,
Chair, Washington County Board of
Commissioners; Melanie R. Ostrander, Washington
County Director of Elections

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Answer and Affirmative Defenses** has been electronically submitted through the PACER/ECF System to counsel of record, this 28th day of January, 2022.

Robert D. Popper
Eric Lee
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Rpopper@judicialwatch.org
Elee@judicialwatch.org

Shawn M. Rodgers
Jonathan S. Goldstein, Esq.
GOLDSTEIN LAW PARTNERS, LLC
11 Church Road
Hatfield, PA 19440
www.goldsteinlp.com

T. Russell Nobile
JUDICIAL WATCH, INC.
P.O. Box 6592
Gulfport, Mississippi 39506
Rnobile@judicialwatch.org

H. Christopher Coates
LAW OFFICE OF H. CHRISTOPHER COATES
934 Compass Point
Charleston, SC 29412
curriecoates@gmail.com

WALSH, BARNES & ZUMPELLA, P.C.

By      **/s/ Robert J. Grimm** _____

Robert J. Grimm, Esquire
PA I.D. No. 55381
2100 Corporate Drive, Suite 300
Wexford, PA 15090
(412) 261-3288
Email:  rgrimm@walshlegal.net
Attorney for Defendants, The Washington County Board
of Commissioners; Diana Irey Vaughan, Chair,
Washington County Board of Commissioners; Melanie
R. Ostrander, Washington County Director of Elections