FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

JUDICIAL WATCH, INC.,

Plaintiff,

v.

COMMONWEALTH OF
PENNSYLVANIA, et. al,

Defendants.

CIVIL ACTION NO.

1:20-cv-00708-CCC

_____

**DEFENDANT-INTERVENORS' ANSWER IN INTERVENTION TO
FIRST AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Common Cause Pennsylvania and League of Women Voters of Pennsylvania (the "Defendant-Intervenors"), by and through the undersigned counsel, hereby answer the Complaint filed by the Plaintiff Judicial Watch, Inc. (the "Plaintiff") as follows.

1.      Defendant-Intervenors deny the characterizations and conclusions contained in paragraph 1.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

## JURISDICTION AND VENUE

2.      The allegations contained in paragraph 2 constitute legal conclusions to which no responsive pleading is required.  Defendant-Intervenors deny the allegations in this paragraph to the extent they are considered factual in nature.

3.      The allegations contained in paragraph 3 constitute legal conclusions to which no responsive pleading is required.  Defendant-Intervenors deny the allegations in this paragraph to the extent they are considered factual in nature.

## PARTIES

4.      Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.      This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed

appropriate, the allegations of paragraph 5 constitute legal conclusions to which no responsive pleading is required.

6.       This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 6 constitute legal conclusions to which no responsive pleading is required.

7.       This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 7 constitute legal conclusions to which no responsive pleading is required.

8.       This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 8 constitute legal conclusions to which no responsive pleading is required.

9.       This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 8 constitute legal conclusions to which no responsive pleading is required.

10.       This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed

appropriate, the allegations of paragraph 10 constitute legal conclusions to which no responsive pleading is required.

11.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 11 constitute legal conclusions to which no responsive pleading is required.

12.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 12 constitute legal conclusions to which no responsive pleading is required.

13.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 13 constitute legal conclusions to which no responsive pleading is required.

14.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 14 constitute legal conclusions to which no responsive pleading is required.

15.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed

appropriate, the allegations of paragraph 15 constitute legal conclusions to which no responsive pleading is required.

16.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 16 constitute legal conclusions to which no responsive pleading is required.

17.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 17 constitute legal conclusions to which no responsive pleading is required.

18.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 18 constitute legal conclusions to which no responsive pleading is required.

19.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 19 constitute legal conclusions to which no responsive pleading is required.

20.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed

appropriate, the allegations of paragraph 20 constitute legal conclusions to which no responsive pleading is required.

21.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 21 constitute legal conclusions to which no responsive pleading is required.

22.     This paragraph is directed to a party other than Defendant-Intervenors, such that no responsive pleading is required.  To the extent a response is deemed appropriate, the allegations of paragraph 22 constitute legal conclusions to which no responsive pleading is required.

## STATUTORY BACKGROUND

23.     Defendant-Intervenors deny the allegations contained in paragraph 23 on the basis that they contain only a partial quotation of the cited section of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

24.     Defendant-Intervenors deny the allegations contained in paragraph 24 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

25.     Defendant-Intervenors deny the allegations contained in paragraph 25 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

26.     Defendant-Intervenors deny the allegations contained in paragraph 26 on the basis that they contain only a partial quotation of the cited statutes, and refer to the cited statutes for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

27.     Defendant-Intervenors deny the allegations contained in paragraph 27 on the basis that they consist of Plaintiff's characterization of Pennsylvania law, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

28.     Defendant-Intervenors deny the allegations contained in paragraph 28 on the basis that they consist of Plaintiff's characterization of Pennsylvania law and federal regulations, and refer to the cited statute and regulation for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

29.     Defendant-Intervenors deny the allegations contained in paragraph 29 on the basis that they consist of Plaintiff's characterization of the NVRA and

Pennsylvania law, and refer to the cited statutes for the full contents thereof. Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

30.     Defendant-Intervenors deny the allegations contained in paragraph 30 on the basis that they consist of Plaintiff's characterization of federal law, and refer to the cited statutes and regulations for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

## FACTS

### I.     *Judicial Watch's Background, Mission, and Membership.*

31.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

## II.      *Data Available from Election Assistance Commission Survey Responses.*

36.      Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and refer to the cited report for the full contents thereof.

37.      Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and refer to the cited survey and responses for the full contents thereof.

38.      Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and refer to the cited survey responses for the full contents thereof.

39.      Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 39.  Defendant-Intervenors deny the allegations contained in the second sentence of paragraph 39 on the basis that they consist of Plaintiff's characterization of Pennsylvania law and federal regulations, and refer to the cited statute and regulation for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

40.      Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and refer to the cited documents for the full contents thereof.

41.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

### III.    *Relevant Admissions Concerning the County Defendants.*

42.     Defendant-Intervenors deny the allegations contained in paragraph 42 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited surveys and statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

43.     Defendant-Intervenors deny the allegations contained in paragraph 43 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

44.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and refer to the cited responses for the full contents thereof.

45.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and refer to the cited responses for the full contents thereof.

46.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and refer to the cited responses for the full contents thereof.

47.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and refer to the cited responses for the full contents thereof.

48.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and refer to the cited responses for the full contents thereof.

49.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and refer to the cited responses for the full contents thereof.

50.     Defendant-Intervenors deny the allegations contained in paragraph 50 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

51.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51, and refer to the cited responses for the full contents thereof.

52.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and refer to the cited responses for the full contents thereof.

53.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and refer to the cited responses for the full contents thereof.

54.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and refer to the cited responses for the full contents thereof.

55.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and refer to the cited responses for the full contents thereof.

56.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and refer to the cited responses for the full contents thereof.

57.     Defendant-Intervenors deny the allegations contained in paragraph 57 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

58.     Defendant-Intervenors deny the allegations contained in paragraph 58 on the basis that they consist of Plaintiff's characterization of the NVRA, and refer to the cited statute for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

## IV.   *Relevant Admissions Concerning Other Pennsylvania Counties.*

59.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and refer to the cited material for the full contents thereof.

60.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and refer to the cited material for the full contents thereof.

61.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and refer to the cited material for the full contents thereof.

62.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, and refer to the cited letter for the full contents thereof.

64.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and refer to the cited letter for the full contents thereof.

65.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and refer to the cited letter for the full contents thereof.

66.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and refer to the cited response for the full contents thereof.

67.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and refer to the cited material for the full contents thereof.

68.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 68 to the extent they characterize Defendants' conduct.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68. Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions..

## V.     *Admissions Concerning the Accuracy of Pennsylvania's NVRA-Related Records.*

69.     Defendant-Intervenors deny the allegations contained in paragraph 69 on the basis that they consist of Plaintiff's characterization of federal law, and refer to the cited statutes and regulations for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

70.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 70 to the extent they characterize Defendants' conduct.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 concerning Plaintiff's conduct.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

71.     Defendant-Intervenors deny the allegations contained in paragraph 71 on the basis that they characterize Defendants' conduct, and further deny the allegations contained in paragraph 71 on the basis that they contain only a partial representation the cited document and refer to the cited materials for the full contents thereof.

72.     Defendant-Intervenors deny the allegations contained in paragraph 71 on the basis that they characterize Defendants' conduct.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

**VI.   *Judicial Watch's Notice Letters and Defendants' Responses.***

73.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and refer to the cited letters for the full contents thereof.

74.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and refer to the cited materials for the full contents thereof.

75.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and refer to the cited materials for the full contents thereof.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

76.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, and refer to the cited materials for the full contents thereof.

77.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, and refer to the cited materials for the full contents thereof.

78.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, and refer to the cited materials for the full contents thereof.

80.     The allegation contained in paragraph 80 constitute legal conclusions to which no responsive pleading is required.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

## VII.   *Judicial Watch's Injury*

81.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     Upon information and belief, Defendant-Intervenors deny the allegations contained in paragraph 85 to the extent they characterize Defendants' conduct.  Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 85 concerning Plaintiff's conduct.  Defendant-Intervenors reserve their right to contest Plaintiff's legal conclusions.

## VIII.  *Judicial Watch's Members' Injuries.*

86.     The allegations contained in paragraph 86 constitute legal conclusions to which no responsive pleading is required.  Defendant-Intervenors deny the allegations in this paragraph to the extent they are considered factual in nature.

87.     Paragraph 87 purports to state conclusions of law as to which no response is required; but to the extent they may be deemed to be factual allegations, Defendant-Intervenors deny them upon information and belief..

88.     Paragraph 88 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

89.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 89.

90.     Paragraph 90 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

91.     Defendant-Intervenors deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 91.

## COUNT I

## (Violation of Section 8(a)(4) of the NVRA, 52 U.S.C. § 20507(a)(4))

92.     Defendant-Intervenors restate their answers to paragraphs 1 through 91 as if fully stated herein.

93.     Paragraph 93 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

94.     Paragraph 94 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

95.     Paragraph 95 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

96.     Paragraph 96 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

97.     Paragraph 97 purports to state conclusions of law as to which no response is required; but to the extent a response may be required, Defendant-Intervenors deny them upon information and belief.

## Prayer for Relief

No response is required to the Prayer for Relief.  However, to the extent a response is required, Defendant-Intervenors deny the allegations contained in the Prayer for Relief, and specifically deny that Plaintiff is entitled to the relief requested.


**WHEREFORE**, Defendant-Intervenors ask this Court to enter judgment in its favor and against Plaintiff; and to provide such other and further relief as the Court deems just and proper.


Adriel I. Cepeda Derieux*
Sophia Lin Lakin*
Dale E. Ho*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org
dho@aclu.org

Ezra Rosenberg*
Lawyers' Committee for Civil Rights Under Law
1500 K Street, N.W., Suite 900
Washington, D.C.  20005
Tel: (202) 662-8300
erosenberg@lawyerscommittee.org
jpowers@lawyerscommittee.org

*/s/ Witold J. Walczak*
Witold J. Walczak
Sara J. Rose
American Civil Liberties Union of Pennsylvania
P.O. Box 23058
Pittsburgh, PA 15222
Tel.: (412) 681-7736
vwalczak@aclupa.org

William T. Russell, Jr.*
David Elbaum*
Shannon K. McGovern*
Daniel Owsley*
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-3979

wrussell@stblaw.com
smcgovern@stblaw.com

*Pro hac vice* application to be filed

*Attorneys for Proposed Defendant-Intervenors*

Dated:       February __, 2022