IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., | |
| Plaintiff, | No. 1:20-cv-00708 (Judge Christopher C. Conner) |
| v. | |
| COMMONWEALTH of PENNSYLVANIA, et al., | |
| Defendants. | |

### ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendants The Indiana County Commissioners, Michael Keith, Chairman of The Indiana County Commissioners, and Debra L. Streams, Indiana County Director of Voter Registration (collectively the "Indiana County Defendants") file the following Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (ECF No. 85) as follows:

1. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

2. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

3. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

1

4. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 4. To the extent a response is required, the allegations are denied.

5. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

6. The allegations in paragraph 6 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

7. The allegations in paragraph 7 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

8. The allegations in paragraph 8 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

9. The allegations in paragraph 9 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

10. The allegations in paragraph 10 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.


11. The allegations in paragraph 11 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

12. The allegations in paragraph 12 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

13. The allegations in paragraph 13 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

14. The allegations in paragraph 14 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

15. The allegations in paragraph 15 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

16. Denied. It is denied that Defendant Indiana County Commissioners has jurisdiction over the conduct of elections within Indiana County. To the contrary, The Indiana County Board of Elections has jurisdiction over elections within Indiana County.

17. Admitted.

18. Admitted in part, denied in part. Debra L. Streams is the Director of Indiana County's Voter Registration Office.

19. The allegations in paragraph 19 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

20. The allegations in paragraph 20 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

21. The allegations in paragraph 21 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

22. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

23. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

24. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

25. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

26. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

27. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

28. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

29. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

30. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

31. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 31. To the extent a response is required, the allegations are denied.

32. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 32. To the extent a response is required, the allegations are denied.

33. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 33. To the extent a response is required, the allegations are denied.

34. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 34. To the extent a response is required, the allegations are denied.

35. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 35. To the extent a response is required, the allegations are denied.

36. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 36. To the extent a response is required, the allegations are denied.

37. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 37. To the extent a response is required, the allegations are denied.

38. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 38. To the extent a response is required, the allegations are denied.

39. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

40. Denied insofar as Plaintiff did not request document and information from the Indiana County Defendants concerning their responses to the EAC's latest survey. The Indiana

County Defendants are without sufficient information or knowledge to affirm or deny the remaining allegations or the allegations against other Defendants in Paragraph 40. To the extent a response is required to the remaining allegations or the allegations against other Defendants, the allegations are denied.

41. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 41. To the extent a response is required, the allegations are denied.

42. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 42. To the extent a response is required, the allegations are denied.

43. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

44. The allegations in paragraph 44 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

45. The allegations in paragraph 45 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

46. The allegations in paragraph 46 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

47. Denied. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 47. To the extent a response is required, the allegations are denied. By way of further answer, the EAVS Data are documents that speak for themselves. Plaintiff's characterizations of the documents are denied.

48. The allegations in paragraph 48 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

49. The allegations in paragraph 49 are denied as they pertain to the Indiana County Defendants. The Indiana County Defendants properly complied with all voter list maintenance laws. The other allegations are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary to the other allegations, the allegations are denied.

50. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

51. The allegations in paragraph 51 are denied as they pertain to the Indiana County Defendants. The Indiana County Defendants properly complied with all voter list maintenance laws. The other allegations are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary to the other allegations, the allegations are denied.

52. The allegations in paragraph 52 are directed to Defendants other than the Indiana County Defendants and therefore, no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

53. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 53. To the extent a response is required, the allegations are denied. By way of further answer, the Indiana County Defendants properly complied with all voter list maintenance laws.

54. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

55. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 55. To the extent a response is required, the allegations are denied.

56. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 56. To the extent a response is required, the allegations are denied.

57. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. By way of further answer, the Indiana County Defendants properly complied with all voter list maintenance laws.

58. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

59. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 59. To the extent a response is required, the allegations are denied.

60. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 60. To the extent a response is required, the allegations are denied.

61. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 61. To the extent a response is required, the allegations are denied.

62. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 62. To the extent a response is required, the allegations are denied.

63. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 63. To the extent a response is required, the allegations are denied.

64. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 64. To the extent a response is required, the allegations are denied.

65. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 65. To the extent a response is required, the allegations are denied.

66. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 66. To the extent a response is required, the allegations are denied.

67. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 67. To the extent a response is required, the allegations are denied.

68. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 68. To the extent a response is required, the allegations are denied. Paragraph 68 also contains allegations that constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, those allegations are denied.

69. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

70. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 70. To the extent a response is required, the allegations are denied.

71. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 71. To the extent a response is required, the allegations are denied.

72. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 72. To the extent a response is required, the allegations are denied. Paragraph 72 also contains allegations that constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, those allegations are denied.

73. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 73. To the extent a response is required, the allegations are denied.

74. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 74. To the extent a response is required, the allegations are denied.

75. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 75. To the extent a response is required, the allegations are denied.

76. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 76. To the extent a response is required, the allegations are denied.

77. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 77. To the extent a response is required, the allegations are denied.

78. Admitted in part, denied in part. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations concerning Luzerne County, Washington County, Cumberland County and Carbon County in Paragraph 78. To the extent a response is required, those allegations are denied. It is admitted that Indiana County did not respond to any letter sent from Plaintiff Judicial Watch. Any inference that the Indiana County Defendants' failure to respond to Plaintiff Judicial Watch's letter is an admission of any violation of any law is expressly denied. By way of further answer, it is also a legal conclusion as to whether

the letter sent by Plaintiff Judicial Watch established proper notice and any such allegations are denied.

79. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 79. To the extent a response is required, the allegations are denied.

80. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

81. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 81. To the extent a response is required, the allegations are denied.

82. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 82. To the extent a response is required, the allegations are denied.

83. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 83. To the extent a response is required, the allegations are denied.

84. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 84. To the extent a response is required, the allegations are denied.

85. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 85. To the extent a response is required, the allegations are denied.

86. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 86. To the extent a response is required, the allegations are denied. Further, Paragraph 86 also contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

87. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

88. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

89. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 89. To the extent a response is required, the allegations are denied.

90. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

91. The Indiana County Defendants are without sufficient information or knowledge to affirm or deny the allegations in Paragraph 91. To the extent a response is required, the allegations are denied. By way of further answer, the Indiana County Defendants properly complied with all voter list maintenance laws.

92. Paragraph 92 is an incorporation paragraph. The Indiana County Defendants incorporate the paragraphs asserted above as if fully set forth herein.

93. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

94. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

95. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

96. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

97. The allegations in this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied.

WHEREFORE, Defendants The Indiana County Commissioners, Michael Keith, Chairman of The Indiana County Commissioners, and Debra L. Streams, Indiana County Director of Voter Registration, respectfully requests that this Honorable Court enter a judgment in their favor dismissing all claims with prejudice and award reasonable costs and expenses, including attorneys' fees, along with any other relief that this Honorable Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff has not stated a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Indiana County Defendants have, at all times, acted reasonably and in good faith and in accordance with the NVRA.

## THIRD AFFIRMATIVE DEFENSE

The case is not justiciable and the Court lacks jurisdiction over this matter.

## FOURTH AFFIRMATIVE DEFENSE

The Indiana County Defendants did not cause Plaintiff any harm or damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered or sustained any damages or its damages are not actionable and/or it did not mitigation its damages.

## SIXTH AFFIRMATIVE DEFENSE

This case does not present an actual controversy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing.

## EIGHTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred by laches.

## NINTH AFFIRMATIVE DEFENSE

The First Amended Complaint is wholly or partially barred by Eleventh Amendment immunity, sovereign immunity, qualified immunity, governmental immunity, absolute immunity and any other applicable immunity.

## TENTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred by the doctrine of mootness.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not a prevailing party and is not entitled to an award of attorney's fees, litigation expenses, costs, or any other amount.

## TWELTH AFFIRMATIVE DEFENSE

To the extent the Indiana County Defendants violated the NVRA, which is denied, proper notice was not received and/or any such violations were cured within 90 days after receipt of statutory notice and Plaintiff does not have standing to bring this action.

Respectfully submitted,

BABST, CALLAND, CLEMENTS
and ZOMNIR, P.C.

Date:  February 28, 2022

/s/ Molly E. Meacham
Molly E. Meacham, Esquire
PA I.D. No. 318272
mmeacham@babstcalland.com
Elizabeth A. Dupuis, Esquire
PA I.D. No. 80149
bdupuis@babstcalland.com
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, PA 15222
Tel.: (412) 394-5400

*Counsel for The Indiana County Commissioners; Michael Keith, Chairman, Indiana County Commissioners; and Debra L. Streams, Indiana County Director of Voter Registration*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been electronically submitted through the PACER/ECF System to counsel of record, this 28th day of February, 2022.

        Respectfully submitted,

        BABST, CALLAND, CLEMENTS AND
        ZOMNIR, P.C.

By:   */s/ Molly E. Meacham*
     Molly E. Meacham, Esquire
     PA I.D. No. 318272
     mmeacham@babstcalland.com
     Two Gateway Center, 6th Floor
     603 Stanwix Street
     Pittsburgh, PA 15222
     Tel.: (412) 394-5400

     *Counsel for The Indiana County Commissioners; Michael Keith, Chairman, Indiana County Commissioners; and Debra L. Streams, Indiana County Director of Voter Registration*