# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUDICIAL WATCH, INC.,** | : | CIVIL ACTION NO. 1:20-CV-708 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 29th day of June, 2022, upon consideration of the motion (Doc. 108) filed by the Luzerne County defendants,[1] pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss the amended complaint (Doc. 85) of plaintiff Judicial Watch, Inc. ("Judicial Watch"), to the extent Judicial Watch asserts a claim against the Luzerne County defendants for violation of the list-maintenance requirements of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501 *et seq.*, and further upon consideration of the parties' respective briefs in support of and in opposition to said motion, (see Docs. 115, 118, 119), and the court observing that when ruling on a motion to dismiss under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief," see Phillips v. County of Allegheny, 515 F.3d

---

[1] The Luzerne County defendants are the Luzerne County Council; Tim McGinley, Chair of the Luzerne County Council; and Shelby Watchilla, Director of Elections for Luzerne County. (See Doc. 85 ¶¶ 7-9).

224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)), and conduct a three-step inquiry to test a claim's sufficiency through (1) "'tak[ing] note of the elements a plaintiff must plead to state a claim,'" (2) separating the factual and legal elements of a claim and accepting the well-pleaded facts as true, and (3) determining whether the facts are sufficient to "plausibly give rise to an entitlement for relief," <u>see</u> <u>Santiago v. Warminster Township</u>, 629 F.3d 121, 130 (3d Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675, 679 (2009)), and the court noting, in the matter *sub judice*, Judicial Watch's amended complaint alleges, in relevant part, that the Luzerne County defendants have failed to comply with the NVRA's list-maintenance requirements by failing for a period of years to remove certain ineligible registered voters from Luzerne County's official voter lists, (<u>see</u> Doc. 85 ¶¶ 43-44, 50-57); that Judicial Watch sent notice-of-violation letters to the Luzerne County defendants as required by the NVRA in May 2021, (<u>see</u> <u>id.</u> ¶ 77); that the Luzerne County defendants never responded to the notice letters, (<u>see</u> <u>id.</u> ¶ 78); and that Luzerne County was reported by a local newspaper "to have removed over 17,000 registrations on or about June 1, 2021, about four weeks after it received the notice-of-violation letter," (<u>see</u> <u>id.</u> ¶ 79), an act Judicial Watch suggests might constitute "possible voluntary compliance" with the NVRA, (<u>see</u> <u>id.</u> ¶ 80), and the court further noting that the Luzerne County defendants move to dismiss Judicial Watch's amended complaint based solely on its acknowledgement of the newspaper article and an affidavit (Doc. 120) submitted with the Luzerne County defendants' reply brief that purports to confirm the accuracy of the newspaper article, and the court, drawing all inferences in favor of Judicial Watch as the

nonmovant, finding that the amended complaint states sufficient facts to support a plausible claim against the Luzerne County defendants for violation of the NVRA's list-maintenance requirements; that the reference to a newspaper article claiming Luzerne County removed over 17,000 voters from its official voter lists in response to Judicial Watch's notice letter is not a concession by Judicial Watch that the Luzerne County defendants cured the alleged violation, particularly given the amended complaint's description of Luzerne County's conduct as "*possible* voluntary compliance," (see Doc. 85 ¶ 80 (emphasis added)); and that the parties' factual disputes as to whether Luzerne County cured the alleged NVRA violation, and their legal disputes as to the effect of such compliance, are more appropriately resolved at the Rule 56 stage, (cf. Doc. 84 at 3-4 n.4 (reaching same conclusion and declining to consider facts supplied only in Commonwealth defendants' briefing when granting Judicial Watch's motion to amend)), it is hereby ORDERED that:

1. The Luzerne County defendants' motion (Doc. 108) to dismiss is DENIED without prejudice to their right to reassert their arguments concerning potential cure of any NVRA violation at the Rule 56 stage or at trial.

2. The Luzerne County defendants shall respond to Judicial Watch's amended complaint (Doc. 85) in accordance with the Federal Rules of Civil Procedure.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania